# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[S. F. No. 583.   Department Two—September 3, 1897.]

118   1<br>118  611

MUTUAL ELECTRIC LIGHT CO., Appellant, v. THOMAS ASHWORTH, Superintendent of Streets, etc., et al., Respondents.

MUNICIPAL ORDINANCE—OBSTRUCTION OF STREETS WITHOUT PERMIT—REFUSAL OF PERMIT—PERMIT TO RIVAL COMPANY—POSTS FOR ELECTRIC LIGHTING—INJUNCTION—REMEDY TO COMPEL PERMIT.—An ordinance which requires a special permission to be obtained from the board of supervisors, before the streets can be obstructed, is reasonable; and although an electric lighting company was unjustly refused permission to erect posts upon the streets for purposes of electric lighting, and such refusal was an unfair and unjust discrimination against such company, and in favor of a rival company to which such permission had been granted, yet an injunction will not lie in favor of the company to which the permit was refused, to restrain the superintendent of streets and the city from interfering with the erection of such posts without a permit, its only proper remedy being to compel the granting of a permit in a proper case.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing an injunction. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

M. M. Estee, for Appellant.

It was lawful for plaintiff to use the public streets of San Francisco for electric lighting purposes. (Const., art. XI, sec. 19.) Being lawful its acts could not be a nuisance. (Civ.

CXVIII. CAL.—1       (1)

Code, secs. 3479, 3482; *Marini v. Graham*, 67 Cal. 130; *Ex parte Taylor*, 87 Cal. 91; *Vernon v. Voegler*, 113 Ind. 325; *Miller v. New York*, 109 U. S. 385; *Commonwealth v. Capp*, 48 Pa. St. 53.) Section 19, article XI, of the constitution, is self-executing and binding upon every department of the government, state and municipal. (*Ewing v. Oroville Min. Co.*, 56 Cal. 654; *Spring Valley Water Works v. San Francisco*, 61 Cal. 18, 24, 25; *People v. Stephens*, 62 Cal. 209, 234–36; Const., art. I, sec. 22.) A city has no right to create a monopoly without express authority. (*Saginaw Gas Light Co. v. Saginaw*, 28 Fed. Rep. 529; *Jackson etc. R. Co. v. Interstate etc. Ry. Co.*, 24 Fed. Rep. 306; *New Orleans etc. R. Co. v. Crescent City R. Co.*, 12 Fed. Rep. 308; 5 Fed. Rep. 160; *Norwich City Gas Light Co. v. Norwich City Gas Co.*, 25 Conn. 19; *City v. Cincinnati Gas Light Co.*, 18 Ohio St. 262; *Grand Rapids etc. P. Co. v. Grand Rapids etc. Gas Co.*, 33 Fed. Rep. 659.) A city ordinance which unfairly discriminates between competing companies is void. (*Chicago v. Rumpff*, 45 Ill. 90; *Tugman v. Chicago*, 78 Ill. 405; *Ex parte Chin Yan*, 60 Cal. 78; *Ex parte Frank*, 52 Cal. 606; *Tarkio v. Cook*, 120 Mo. 1; *Davis v. Anita*, 73 Iowa, 325; *Ex parte Burnett*, 30 Ala. 461; *Austin v. Murray*, 16 Pick. 121; *Milhau v. Sharp*, 17 Barb. 435; *Dunham v. Trustees of Rochester*, 5 Cow. 462; *Mayor etc. v. Thorne*, 7 Paige, 261.)

Henry T. Creswell, City and County Attorney, and Galpin & Zeigler, for Respondent.

Section 19 of article XI of the constitution confers no right to erect posts in the streets, but is limited to the laying of pipes and conduits, under a proper construction of the language used. (Sutherland on Statutory Construction, 219–79, 326; *State v. Green*, 24 Mo. App. 227; *Albertson v. State*, 9 Neb. 429; *State v. Trenton*, 38 N. J. L. 64; *People v. Wells*, 11 Cal. 329; *Hoey v. Gilroy*, 129 N. Y. 132; *Smith v. Stephens*, 10 Wall. 321; 23 Am. & Eng. Ency. of Law, 446.) A post on the street is an obstruction and a nuisance, unless legalized by municipal authority. (*Commonwealth v. Boston*, 97 Mass. 555.) Any unlawful obstruction of a sidewalk is a nuisance. (*Marini v. Graham*, 67 Cal. 130; *Ex parte Taylor*, 87 Cal. 91; *Bonnet v. San Francisco*, 65 Cal. 230; *Ex parte Casinello*, 62 Cal. 538; *Young v. Inhabitants etc.*, 9 Gray, 386.)

TEMPLE, J.—This is an appeal from an order refusing an injunction. The action was brought for the purpose of obtaining an injunction restraining the personal defendant, his servants and deputies, from "interfering with, obstructing or prohibiting plaintiff from erecting its posts, making the necessary connections with its supply wires or furnishing electric lights to the citizens and inhabitants of the city and county of San Francisco; and specially from hindering and preventing this plaintiff from making connections with its electric wires as aforesaid on said Market street, in said city and county of San Francisco, in the block bounded by Geary and Kearny streets, Grant avenue, and Market street.

The verified complaint sets forth the incorporation of plaintiff for the purpose of furnishing electric light to the inhabitants of San Francisco; that the owners of the premises fronting the portion of Market street described applied to plaintiff for electric light in the building and for lights in front of the building, as they had theretofore been supplied by the Electric Light and Power Company. That plaintiff proceeded to erect posts just as they had been theretofore maintained by the rival company, with the consent of the city, but was stopped by the defendants and its servants threatened with arrest if they proceeded to erect the poles.

Many other matters are alleged tending to show that the defendants are favoring the rival company, and obstructing the plaintiff in the interest of its rival, and it is averred that the opposition of plaintiff has reduced the charge for electric lighting twenty-five per cent.

In response an affidavit of a deputy street superintendent is filed, the point of which is to deny that any interference has been made with plaintiff in its efforts to make connection with its wires for the purpose of furnishing light to the owners of the building. Also that the plaintiff was attempting to obstruct the streets by erecting poles therein, and an ordinance is shown which prohibits any person from erecting poles in the street without special permission so to do.

Reply affidavits, made by P. B. Cornwall and W. R. Summerhayes, were filed, in which the charges made in the complaint are repeated with some more specific statements of facts, and they charge that the action of the superintendent of streets and the

board of supervisors preventing the plaintiff from carrying on its legitimate business "was and is inspired and controlled and directed by the corporation known as the Electric Light and Power Company, and was and is done for the purpose of driving the plaintiff out of the market as a competitor in electric lighting in the city and county of San Francisco."

Some facts are shown in proof of this charge. Among others, that application was made to the board of supervisors for leave to put posts in front of the Baldwin Hotel, on Powell street, at the request of the owner. The application was denied, although subsequently the board granted leave to its rival "to put in similar electric posts, placed in exactly the same position, with exactly the same electric lamps thereon, in several points in the city of San Francisco." The affidavits further say that they complained to Ashworth; that Ashworth said "that the board of supervisors was pushing him, and that the Edison Light and Power Company stood behind the board of supervisors, objecting to any equal or other privileges being extended to the plaintiff."

Similar facts are stated in an affidavit of Robert Mills, an employee of plaintiff. He also states that in the interest of the plaintiff he called upon three members of the board of supervisors, and that they told him that "the Edison people had brought such pressure to bear, by claiming that the plaintiff had no right to put up poles there, that they [the board of supervisors] could do nothing." Mr. Hughes also told affiant that after Mr. Summerhayes had made application on behalf of the plaintiff for a permit, "that the Edison Light and Power Company people had brought influence to bear, causing the street committee to rescind the privilege." He also states that Mr. Hughes said that plaintiff had no right to maintain posts; that "the Edison Light and Power Company have bought a franchise, and therefore we must protect the Edison people." There is no real pretense that the Edison Company ever had any such franchise, and it is not claimed that the board of supervisors can lawfully grant them any special privileges. Counsel for the defense do not even contend that such preference is not unlawful, and a violation of official duty.

It is stated that the plaintiff had not obtained a permit to put up posts on the sidewalk, and without such permit such obstructions are unlawful and therefore a nuisance. This is undoubted-

ly true, and the board of supervisors, if so inclined, as according to the affidavits, which are not denied, it is, can allow one company the privilege while denying it to the other, and thus, in affect, nullify the constitutional provisions which expressly permit the plaintiff to lay its pipes in the street, and commands, that no privileges or immunities shall be granted to any citizen or class of citizens which upon the same terms shall not be granted to all citizens.   (Const., art. XI, sec. 19, also art. I, sec. 21.)

It was also shown that Thomas Ashworth, street superintendent, was a stockholder in the Edison Light and Power Company, and further that the attorneys for that corporation are the attorneys who appear in this action and make the defense of the defendants herein.

In fact the uncontradicted affidavits show plainly that it is a deliberate attempt to drive one corporation out of the field, in the interest of another, by the oppressive and unlawful use of official power.   Counsel do not attempt to justify the action of the board of supervisors, but simply insist that without the official permit the plaintiff has no right to set posts on the sidewalk, and that its servants may be properly arrested for so doing.   In the mean time, however, the privileges are freely granted to the rival company, whose posts may be seen on any block in the business portion of the city.   Counsel say: "Thus it is asserted that the superintendent of streets is a stockholder in a rival corporation, but, if he has acted and does act in accordance with his duty, the bad motive which induces correct action cannot be considered.   No man can be enjoined from doing his duty, because third persons have paid him for doing that which without pay he should have done."

It is the granting or refusing to grant the permit which determines whether the post constitutes a nuisance or not.   The partisans of the Edison Light and Power Company in the board of supervisors can refuse the permit to one and grant it to the other.   Therefore, a post when erected by one is a nuisance, when it would not be if erected by another.   An ordinance which would so discriminate would be void, and the plaintiff contends that the board cannot do in other modes what it cannot do by ordinance.   That discrimination is unlawful, and therefore the

board and the superintendent act illegally when they order the arrest of plaintiff's employees for doing that which is freely permitted to the rival and favored company.

If it were ever proper to interfere with the discretion vested in the officers of the city in the constant supervision and control of the streets in this mode, it may be admitted that a stronger case is not likely to arise. But the ordinance which requires a special permission to be obtained before the streets can be obstructed is a reasonable one. Indeed, some control over this matter is absolutely necessary. Some temporary obstructions must be permitted. This does not prove that any one can obstruct the streets at his pleasure. In the use of this discretion, which must exist somewhere, great injustice may be done by officials who are corrupt or partial, and I have no doubt that a remedy may be obtained in the courts. It cannot be, however, by a violation of a valid ordinance. The remedy would seem to be in compelling the granting of a permit in a proper case. It cannot be denied that such an obstruction, without the permit, is unlawful, and therefore a nuisance. The wrong consists in refusing it to the plaintiff when it ought to be granted, and under such circumstances as it is freely granted to the favored corporation.

The order is affirmed.

Henshaw, J., and McFarland, J., concurred.