[L. A. No. 2469. In Bank.—September 29, 1910.]

## WARREN WILSON et al., Respondents, v. CITY OF AL-HAMBRA et al., Appellants.

Municipal Corporation—Width of Private Streets—Unreasonable Ordinance.—An ordinance of a municipality, prohibiting the construction of a private way or street, to be used for street and highway purposes, of a less width than fifty feet, when the width of many of the public streets of the city was only forty feet, is unreasonable and an unwarranted interference with the rights of private property.

Id.—Injunction Lies to Restrain Enforcement of Ordinance.—An owner of land, who was engaged in constructing a private street through his property, of forty feet in width, to connect with a public street of the city of the same width, may maintain an injunction against the municipality to restrain it from enforcing such ordinance.

Id.—Expert Testimony of Danger from Use of Street—Common Knowledge.—In an action for such injunction, evidence is not admissible on behalf of the city to show that a forty-foot street with a twenty-four-foot roadway, would be dangerous to the public in case of fire, accidents, and travel. The subject is not one for expert testimony, and common knowledge establishes the contrary.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Sloan Pitzer, City Attorney, for Appellants.

Murphey & Poplin, for Respondents.

HENSHAW, J.—The action is for injunction. The facts are that Dos Robles Street in the city of Alhambra is a street forty feet wide, ending at the property line of plaintiff Wilson, who was the owner of a six-acre tract of land. Wilson desired to prolong Dos Robles Street through his property, joining Dos Robles Street with Alhambra Road, another public way of the city running at right angles with the line of Dos Robles Street extended, his purpose being to subdivide his property and sell building lots along the frontage of his proposed Dos Robles Street extension. Wilson employed the city engineer of the city of Alhambra to draw plans and specifications for

the construction of this street or way through his property, in conformity with all the regulations and requirements of the ordinances of the city of Alhambra. The work contemplated cement sidewalks, cement curbing, and gutters, as well as the construction of the driveway proper. The city engineer drew up the plans and specifications in accordance with the requirements of the city ordinances, and Wilson let his contract for the construction of the work. Being in ignorance of the existence of an ordinance of the city exacting permission for the doing of such work before operations were begun, they proceeded with it without obtaining such permit, and Wilson and the contractor were arrested and proceeded against criminally for the violation of this ordinance. Thereupon Wilson and his contractor made application to the proper authorities of the city of Alhambra for permit to do the work, offering to pay any moneys required and to file an undertaking in any penal sum exacted. Their request was arbitrarily refused for no other assigned reason than that they had begun the work without first requesting a permit. They then undertook the further prosecution of the work and to make connection with Alhambra Road, when the city of Alhambra adopted a new ordinance, No. 281, making it unlawful for any person "to establish, open, make, build, construct, maintain, lay out or adopt any private way, private drive, private street or other private street to be used for street and highway purposes in the city of Alhambra less than fifty feet in width." Wilson and his contractor were arrested for a violation of this ordinance because the street which they projected and were in the process of constructing over Wilson's private property was but forty feet in width. Dos Robles Street, the public street of the city of Alhambra, an extension of which in effect Wilson undertook to build through his property, was itself but forty feet wide, and so were other public streets of the city. The court adopted the view that the ordinance was unreasonable, was an unwarranted interference with the rights of private property, and granted the injunction restraining the city of Alhambra from enforcing the ordinance against plaintiff.

The conclusion which the court reached we think was not only eminently just, but the only one permissible under the showing made. The power of the city to legislate and to pass reasonable regulations touching this subject-matter is, of

course, not questioned. Nor need we be at pains to consider the distinctions which may be thought to exist between public highways and private ways publicly used. Section 2620 of the Political Code provides that the width of all public highways, except bridges, alleys, and lanes, and trails, shall be at least forty feet, and the width of all private highways and by-roads, except bridges, shall be at least twenty feet. Whether plaintiff Wilson designed to construct a private way, used of right by the owners to whom he might sell his land, and through their license by others coming upon their lands, or whether, in effect, by use the street would become in time a public highway, are considerations quite immaterial to this determination. Plaintiff was unquestionably entitled to access and to a right of way to and from Alhambra Road. The city had the right to control plaintiff by reasonable regulations in the work that he might do to make this right of way available, in other words in making the connection between his private way and the public road. But further than this its powers did not extend. A man's right of access to a public highway may not be embarrassed, much less prohibited, by an unreasonable ordinance prescribing the width of such approach. And from another aspect the unreasonableness of this ordinance is made apparent, in that it requires plaintiff to construct a road wider than the city's own public street, of which the private way would, at the most, be but an extension. The court did not err in refusing to admit testimony proffered by defendant which it is asserted would show that a forty-foot street with a twenty-four-foot roadway, such as this, "is dangerous to the public in case of fire, accidents and travel," and could therefore be forbidden or abated as a nuisance. The subject is not one for expert testimony. Common knowledge establishes the contrary, and the contention, if sustained, would be to declare all other forty-foot streets in the city of Alhambra public nuisances, in accordance with section 2 of the ordinance in question. The findings are abundantly supported by the evidence, and the conclusions of law follow legally and logically therefrom. Plaintiff's remedy by injunction was proper. The case is not parallel with *Mutual Elec. Light Co.* v. *Ashworth*, 118 Cal. 1, [50 Pac. 10]. There permit was refused by the street superintendent, and it was said that the remedy was by *mandamus* to compel the issuance of the permit in a proper case. Here

no question of permit is involved. The city stands upon the sufficiency of its ordinance which forbids construction of the road under any circumstances whatsoever.

The judgment appealed from is therefore affirmed.

Melvin, J., Lorigan, J., Shaw, J., Angellotti, J., and Sloss, J., concurred.