Argued February 5, decided March 3, rehearing denied April 7, 1914.

## SOUTHERN OREGON CO. *v.* QUINE.

(139 Pac. 332.)

**Taxation—Collection—Injunction.**

The holder of lands under a federal military road grant whose title is threatened by a suit by the United States to forfeit the grant is not entitled to enjoin the collection of taxes on the land and the appointment of a receiver to hold the amount of taxes levied pending determination of the suit for forfeiture, where the tax officers have proceeded in accordance with Section 3586, L. O. L., as amended by Section 2, Laws 1913, p. 325; Section 3669, L. O. L., as amended by Section 15, Laws 1913, p. 331; Section 3674, L. O. L., as amended by Section 17, Laws 1913, p. 333, and Section 21, Laws 1913, p. 335, and other sections in reference to the assessment and collection of taxes.

[As to injunction against sale of property for illegal taxes, see notes in 69 Am. Dec. 198; 23 Am. Rep. 622; 49 Am. Rep. 287; 53 Am. Rep. 110; Ann. Cas. 1913C, 892.]

From Douglas: James W. Hamilton, Judge.

This is a suit by the Southern Oregon Company against George K. Quine, as sheriff and tax collector of Douglas County, Oregon. From a decree in favor of defendant, plaintiff appeals. The facts appear in the opinion of the court.                    Affirmed.

For appellant there was a brief over the name of *Messrs. Hammond & Hollister,* with an oral argument by *Mr. Austin S. Hammond.*

For respondent there was a brief with an oral argument by *Mr. George M. Brown.*

Department 2. MR. JUSTICE MCNARY delivered the opinion of the court.

This is a proceeding in equity to restrain the defendant, as sheriff and tax collector, from advertising for sale, selling and issuing to the purchaser thereof a tax delinquency certificate to certain lands owned by plaintiff in Douglas County, and for an order appointing a receiver to hold moneys to be paid to him by plaintiff, and to be applied to the payment of the taxes, or to be returned to plaintiff according to the final order of the Circuit Court. Plaintiff's delinquency covers the years of 1909, 1910, 1911 and 1912, and aggregates the sum of $11,930.55.

On the 3d day of March, 1869, the Congress of the United States of America granted certain lands to the State of Oregon to aid in the construction of a military wagon road from the navigable waters of Coos Bay to Roseburg. On October 22, 1870, the legislative assembly of the State of Oregon passed an act donating these lands to the Coos Bay Wagon Road Company, a corporation organized under the laws of the state. Thereafter plaintiff acquired the interests of the grantee in the lands, and has since been and now is in the possession thereof, claiming to be the owner in fee simple.

On April 30, 1908, the Congress of the United States passed a joint resolution directing the Attorney General of the United States to institute a suit in equity, having for its purpose, among other things, the forfeiture of the wagon road grant theretofore made by the government to plaintiff's predecessor in interest, Coos Bay Wagon Road Company: 35 U. S. Stats., p. 571.

In obedience to this resolution, the federal government did, on December 27, 1910, file a bill of complaint in the Circuit Court of the United States for the Dis-

trict of Oregon, wherein a decree was sought annulling plaintiff's title in and to the lands, and quieting and confirming the title in the United States. At a time later plaintiff filed its petition in the case pending in the Circuit Court of the United States, praying that Douglas and Coos Counties be made parties defendant, and that they and the sheriff and tax collector of each of the counties be restrained from enforcing the collection of taxes levied on the lands for the years 1909 and 1910. A demurrer was filed to the petition and sustained by the court: *United States* v. *Southern Oregon Co.* (C. C.), 196 Fed. 423.

On August 8, 1912, this suit was instituted. A demurrer to the complaint was interposed, and by the court sustained. It is the desire of plaintiff to deposit the amount of the unpaid taxes, either with the clerk of the Circuit Court, or a receiver to be appointed by the court, the taxes to be returned to plaintiff should the lands be forfeited and lost by them, but, in case plaintiff prevails in the litigation, the money be applied to the payment of the taxes. It is admitted by all concerned that the lands are subject to taxation, and were properly assessed to plaintiff, which has such a title as is taxable by the state; but it is claimed by plaintiff that this proceeding comes within one of the well-recognized principles of equity based upon the hardship and irreparable loss it may sustain by paying the taxes and yet losing the land. Defendant takes the stand that the counties have the same right to assess and levy taxes upon the land, and to enforce collection thereof, as it had prior to the adoption of the joint resolution by both branches of Congress, looking to the forfeiture of the lands. By the Enabling Act, under which Oregon was admitted as a state into the Union, the lands of the United States are exempt from taxation.

Plaintiff does not admit that its lands are subject to forfeiture, nor that the legal title thereto rests elsewhere than in itself; but it asserts that the title is questioned by the government upon the proposition of a breach of a condition subsequent, and, for that reason, it cannot with safety pay the taxes, as the law contains no provision whereby the moneys paid defendant could be recovered in case the contention of the government is sustained.

Section 3586, L. O. L., as amended by the General Laws of Oregon for 1913, page 325, provides that the assessor shall, on or before the first Monday in March of each year, procure for the county a blank assessment-roll and forthwith proceed and assess all taxable property within his county, except as such by law is to be otherwise assessed. Before the second Monday in September next following, the assessor shall enter in such assessment-roll a complete assessment of such taxable property owned by each person therein named on March 1st of that year.

Section 3669, L. O. L., as amended by Laws for 1913, page 331, requires the county assessor, immediately after receiving from the State Tax Commission a copy of the assessment of persons and property within his county, to enter and apportion the same in the assessment-roll which has been made by him. Forthwith the assessor shall make a certificate, in duplicate, of the several amounts apportioned to be assessed upon the taxable property in his county, one of which certificates shall be delivered to the county clerk. Thereupon the assessor shall secure from the county clerk a warrant, in the name of the State of Oregon, under the hand of the clerk and the seal of the County Court, authorizing the collection by the tax collector of the taxes as shown in the certificate filed with the county clerk. The assessor shall thereupon attach the warrant to the assess-

ment-roll, and shall deliver the roll to the tax collector, who shall give a receipt therefor in duplicate, one copy of which shall be filed with the assessor, and the other with the county clerk. The clerk shall then duly charge against the tax collector the full amount of taxes charged on the roll, and the tax collector shall in settlement be allowed as credits against such charge such amounts as he shall report to the County Court that he has collected on the roll.

Section 3674, L. O. L., as amended by the Laws of 1913, page 333, enjoins the tax collector to make a settlement on the last business day of each week of the exact amount of cash and county orders by him collected for taxes.

Section 21 of the General Laws for 1913, page 335, specifies that the sheriff of each county shall be the collector of delinquent taxes thereof. Kindred sections of the statute follow which direct in detail each step to be taken by the sheriff with respect to the collection of the delinquent taxes. From a reading of the various sections of the statute covering the subject of taxation and the collection thereof, we can no longer doubt that defendant is vested with extensive powers and impelled by statutory duties to such an extent as to be free from molestation by the courts so long as his official acts come within the approval of the statute. We think the law is fixed, beyond cavil, that courts of equity have no power by injunction to restrain a public officer from performing an official act that he is required by valid law to perform. It is not sufficient to clothe the court with jurisdiction to say simply that, unless the court extends its restraining hand, hardships will follow, or irreparable damage will ensue, because the officer delegated to execute such law may act unwisely or injuriously to the party seeking relief. The acts must be such as are without the sanction of a

sound law. To hold that a court of equity has power to bind the hands of a lawful officer, discharging a lawful duty under a valid law, would be equivalent to declaring that the courts are a paramount rather than a co-ordinate branch of government operating in a universal field beyond the reach of, and without respect to, the legislative department. Such a condition is unthinkable. True, possible hardships may follow as a result of the refusal of the court to grant a permanent injunction, and that plaintiff may be apparently remediless so far as the state courts are concerned, yet, without undertaking to decide as to what is the proper remedy in this situation, or whether there is any remedy elsewhere than in the legislative department of the federal or state governments for such a case as is made by the bill herein, we are clearly of the opinion that the demurrer interposed to the complaint was well taken, and the court below committed no error in sustaining it.

Justice Moore advanced this principle in the case of *Rector of St. David's* v. *Wood,* 24 Or. 405 (34 Pac. 20, 41 Am. St. Rep. 860), when he said:

"An injunction will not usually lie against a ministerial officer to restrain him from doing that which the law requires as a part of his duty."

There is no implication that the statute under which defendant is proceeding is invalid, or that he is not acting in accordance therewith, and therefore the court is powerless to interfere: 22 Cyc. 880; *Mendenhall* v. *Denham,* 35 Fla. 250 (17 South. 561); *Inhabitants of Greenville* v. *Seymour,* 22 N. J. Eq. 458; *Commissioners* v. *Thorn,* 117 N. C. 211 (23 S. E. 184).

Believing there is no equitable ground upon which to rest an interference of the court by an injunction for the reason as before stated, we are of the opinion that

the decision of the lower court should be affirmed, and it is so ordered.    AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.