Argued April 2, affirmed April 13, rehearing denied June 15, 1915.

# SOUTHERN OREGON COMPANY *v.* GAGE, Sheriff.

### (147 Pac. 1199; 149 Pac. 472.)

**Taxation—Collection—Injunction.**

1. Where a suit by the federal government to forfeit land for breach of the condition of the grant was pending, and the owner of the land was resisting the forfeiture and claiming to be the owner in fee, he is estopped to litigate the right of the county to tax the land as his property, and equity will not enjoin the collection of the taxes pending the outcome of the federal suit, even though the owner pays the amount of the taxes into court.

[As to invalid levy of assessment as ground for enjoining collection of tax, see note in Ann. Cas. 1915C, 755.]

From Coos: John S. Coke, Judge.

In Banc. Statement Per Curiam.

This is a suit for injunction by the Southern Oregon Company against W. W. Gage, as sheriff and tax collector of Coos County, to restrain defendant from selling certain land claimed by plaintiff. The case presented by the complaint is identical in every material respect with *Southern Oregon Co.* v. *Quine,* 70 Or. 63 (139 Pac. 332), except that in this case plaintiff brings the money into court and prays that it may be held to await the outcome of the litigation between the United States and itself. The Circuit Court sustained a general demurrer and dismissed the suit. Plaintiff appeals.                                      Affirmed.

For appellant there was a brief over the name of *Messrs. Hammond & Hollister,* with an oral argument by *Mr. Austin S. Hammond.*

For respondent there was a brief and an oral argument by *Mr. Lawrence A. Liljeqvist.*

Opinion PER CURIAM.

The deposit of the amount due for taxes does not, in our opinion, strengthen the plaintiff's case or differentiate it from *Southern Oregon Co.* v. *Quine,* 70 Or. 63 (139 Pac. 332); and the able brief and argument of counsel have failed to convince us that our holding in that case was incorrect.    Upon the authority of that case the order of the Circuit Court is affirmed.                AFFIRMED.    REHEARING DENIED.

Denied June 15, 1915.

ON PETITION FOR REHEARING.

(149 Pac. 472.)

In Banc.    MR. JUSTICE McBRIDE delivered the opinion of the court.

1. In a petition for rehearing counsel insist that the decision in *Southern Oregon Co.* v. *Quine,* 70 Or. 63 (139 Pac. 332), does not decide the question presented in this case.    In our judgment, the plaintiff is by its own showing estopped from the privilege to litigate the right of the county to tax the property in question. The complaint shows that plaintiff holds the record title to the lands, is in possession of them, and claims to own them.    This reveals such a condition of affairs as made it incumbent upon the assessor to list them for taxation as the property of plaintiff, and further indicates that until a forfeiture is judicially declared plaintiff is, in fact, the holder of the legal title to the land.    No forfeiture has been declared by Congress or by any judicial tribunal, and until this is done plaintiff continues to be the owner: *Farrington* v. *Putnam,* 90

Me. 405 (37 Atl. 652, 38 L. R. A. 339); *Minneapolis & St. C. R. Co.* v. *Duluth & W. R. Co.,* 45 Minn. 104 (47 N. W. 464); *The Kate Heron,* 6 Sawy. 106 (Fed. Cas. No. 7619). It being the duty of the assessor to assess the property, it naturally follows that it is the duty of the sheriff to collect the taxes, and he would violate the requirements of the statute if he failed to do so. Equity will not interfere to enjoin a public officer from doing an act which the law requires him to perform merely because it may result in a peculiar hardship in a particular instance. The hardship alleged in this instance is that the United States government is claiming that there has been a breach of a condition of the grant, and has instituted a suit to have the lands forfeited for such breach. Plaintiff does not allege that the state has no right to tax the land, but, on the contrary, shows facts which evince *prima facie* that the state should tax it. Its position practically is this:

"We hold the legal title to the land, are in possession of it, and claim to own it, but the government is attempting to have it declared forfeited, and if it succeeds we will not only lose the land, but the taxes we have paid upon it in addition. Therefore we ask the court to suspend the ordinary operations of law, and to act as a stakeholder between us and the county until the result of the suit brought by the government is settled."

It seems clear that such action by us would be going beyond the law. The right of the county to tax this property is not in litigation in the suit brought by the government. It is true that, if the United States should succeed in having a forfeiture declared, one of the results would be that the land would be restored to the public domain, and would thereafter be nontaxable; but that would be a mere incident of the suit, and

not the object of it.   The plaintiff cannot retain the legal title and refuse to pay taxes.   It can avoid the taxes by conceding the claim of the government; otherwise it must show its faith in the soundness of its title by paying.

We adhere to our original opinion.

AFFIRMED.   REHEARING DENIED.