MENASHA WOODEN WARE CO. v. SOUTHERN OREGON CO. et al.

(Circuit Court of Appeals, Ninth Circuit. July 16, 1917.)

No. 2852.

1. COURTS ⟐312(1)—FEDERAL COURTS—JURISDICTION—SUITS BY ASSIGNEE.

In a suit by plaintiff's assignor to restrain the sale of land for taxes pending a suit by the government to forfeit the title to the lands, a temporary injunction was granted on condition that plaintiff's assignor pay into court the amount of the taxes. Plaintiff advanced to its assignor the sum of $35,000, and the assignor drew checks aggregating the amount

of the taxes and delivered them to the clerk of the court, who indorsed them to the county treasurer. *Held,* that an action brought after the dismissal of such suit to recover the money so paid the clerk of the court was one for money had and received, and not one to recover upon a promissory note or other chose in action, within Judicial Code, § 24 (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St, 1916, § 991]), providing that District Courts shall not have cognizance of any suit to recover upon any promissory note or other chose in action in favor of any assignee unless such suit might have been prosecuted in such court if no assignment had been made.

2. PLEADING ⬤⇒204(3)—DEMURRER TO COMPLAINT GOOD IN PART.

In any event, the complaint stated a good cause of action for the $35,000 advanced by plaintiff, and, as the demurrer to the complaint was general, it was properly overruled.

3. COURTS ⬤⇒497—CONFLICTING JURISDICTION—PROPERTY IN CUSTODY OF THE LAW.

Pending a suit by the government to forfeit the title to land, the landowner brought a suit to restrain the sale of the land for taxes, and an order was granted restraining such sale temporarily and requiring the plaintiff to pay to the clerk of the court the amount due as taxes, and the tax collector to deliver to the clerk of the court proper tax receipts for such taxes, and providing that the clerk should hold such money and tax receipts until the final determination of the government's suit, and that, upon such final determination, if the land should be held to be the property of the government the money should be returned to plaintiff, but if it should be therein decided that the land did not belong to the United States then the money should be paid to the defendant unless the court should meanwhile order otherwise. The plaintiff paid the money into court, but the tax receipts were never deposited. The suit was subsequently dismissed and the judgment of dismissal affirmed. *Held* that, the temporary injunction having been granted and continued in effect for a year because of plaintiff's deposit of the money in court, it was too late for him to contend that the order was conditional and that the money was never in the custody of the law because the tax receipts were not deposited.

4. COURTS ⬤⇒497—CONFLICTING JURISDICTION—PROPERTY IN CUSTODY OF THE LAW.

The money having been deposited in court to await final determination of the government's suit, and it not appearing that there had been any such final determination, the money was still in the custody of the law notwithstanding the dismissal of the suit in which it was ordered deposited, and plaintiff could not sue in a federal court for its recovery, but should apply to the court in which the fund was deposited for the return of the money.

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Suit by the Menasha Wooden Ware Company against the Southern Oregon Company and others. The complaint was dismissed on demurrer, and plaintiff brings error. Affirmed.

Action at law to recover the sum of $24,752.62 and the sum of $38,863.26, aggregating $63,615.88, which sums had been paid to the clerk of the circuit court of the state of Oregon for Coos county, in accordance with an order of that court, by the Southern Oregon Company, plaintiff's assignor, and deposited by the said clerk in the Flanagan & Bennett Bank to the credit of T. M. Dimmick as county treasurer. Defendants demur. Demurrers sustained, and amended complaint dismissed. Plaintiff brings this writ of error.

On April 17, 1916, plaintiff filed its amended complaint in the United States District Court for the District of Oregon, alleging substantially as follows: That on July 2, 1912, the defendant Southern Oregon Company, claiming to

own certain lands in Coos county, Or., filed its bill of complaint in the circuit court of the state of Oregon for Coos county, against W. W. Gage, as sheriff and tax collector of Coos county, alleging that Gage was about to advertise and sell the lands for delinquent taxes. That it was further alleged in said bill of complaint that on March 3, 1869 (chapter 150, 15 Stat. 340) Congress passed an act granting to the state of Oregon said lands to aid in the construction of a wagon road from the navigable waters of Coos Bay to Roseburg in the state of Oregon; that on October 22, 1870 (Laws 1870, p. 40) the Legislative Assembly of the state of Oregon transferred said grant and the lands included therein to the Coos Bay Wagon Road Company; and that the Southern Oregon Company was the successor in interest of the Coos Bay Wagon Road Company and succeeded to the title of said company in said lands. That it was further alleged in said bill of complaint that the United States of America had brought suit against the Southern Oregon Company to forfeit the title to all said lands and revest the same in the government; that because of said suit the Southern Oregon Company could not safely pay the taxes; and that by virtue of the provisions of sections 3693 and 3694, Lord's Oregon Laws, Gage was about to advertise all said lands for sale for delinquent taxes and was about to issue tax delinquency certificates against all said property, which certificates might be foreclosed as provided by section 3695, Lord's Oregon Laws, and such title as the Southern Oregon Company had in said property would be sold.

That on July 3, 1912, the circuit court made an order restraining the defendant W. W. Gage as prayed for in said suit, and further ordering "that upon the payment to the clerk of this court by the plaintiff, the amount of money shown by the tax rolls of Coos county, Or., to be due from the plaintiff as taxes upon the lands assessed to the plaintiff as owners, the defendant W. W. Gage, as tax collector for said county, shall also deliver to the clerk of this court proper tax receipts for such taxes, and the said clerk shall hold and retain said money and tax receipts until the final determination of the case of the United States of America v. Southern Oregon Company now pending in the Circuit Court of the United States for the District of Oregon, Ninth Judicial Circuit, in whatever court said case may be finally determined; and upon such final determination, if the real estate described in the complaint shall be held to be the property of the United States, then said money so deposited to the clerk shall be returned to the plaintiff; but, if it be therein decided that said real estate does not belong to the United States, then said money shall be paid over by the court to the defendant herein, unless it shall meanwhile otherwise be ordered by this court."

That on March 15, 1913, the defendant Southern Oregon Company in compliance with the terms of said order drew its check payable to the order of James Watson, who was then county clerk, for the sum of $24,752.62, which check was duly certified by the Flanagan & Bennett Bank and delivered to the said James Watson, then county clerk. That James Watson, on July 5, 1913, without having any authority so to do, indorsed said check for payment to T. M. Dimmick, county treasurer, who on the same day presented the check for payment to the defendant Flanagan & Bennett Bank and the same was duly paid. That plaintiff is informed and believes that the defendant Flanagan & Bennett Bank has, without authority from plaintiff or the Southern Oregon Company, or at all, so to do, credited said sum of $24,752.62 on its books to the defendant T. M. Dimmick on his account with said bank as county treasurer. That said sum of $24,752.62 and the whole thereof has remained intact in the possession of said bank since March 15, 1913, and that said bank received the same as above set out to the use and benefit of the Southern Oregon Company, defendant, and the plaintiff as assignee of said Southern Oregon Company, and that any claim of defendant T. M. Dimmick to have any interest in said money is entirely unfounded.

That on March 31, 1914, plaintiff advanced and furnished to the defendant Southern Oregon Company, to be used by it in complying with the terms of said order of court and for no other purpose, the sum of $35,000, which money was deposited by plaintiff to the credit of the Southern Oregon Company in the Flanagan & Bennett Bank. That at that time the defendant Southern

Oregon Company had to its credit in the said bank the sum of $3,863.26 in addition to the said sum of $35,000, and it accordingly drew its check on the said bank in favor of James Watson, who was then county clerk, for the sum of $38,863.26, in compliance with the terms of the said order of court. That James Watson, without having any authority so to do, indorsed and delivered said check to T. M. Dimmick, county treasurer, and the latter indorsed it to the defendant bank who paid the same. That plaintiff is informed and believes that the defendant bank has, without any authority from plaintiff or said Southern Oregon Company, or at all, so to do, credited said sum of $38,863.26 on its books to the defendant T. M. Dimmick on his account with said bank as county treasurer. That said sum of $38,863.26 and the whole thereof has remained intact in the possession of said bank since March 31, 1914, and that said bank received the same as above set out to the use and benefit of the Southern Oregon Company, defendant, and the plaintiff as assignee of said Southern Oregon Company as to said $3,863.26, and directly for the use and benefit of the plaintiff as to said $35,000 above set out; and that any claim of defendant T. M. Dimmick to have any interest in said money is entirely unfounded.

That neither the said W. W. Gage, as tax collector of said Coos county, Or., nor said A. Johnson, Jr., as tax collector of said Coos county, Or., ever delivered to the clerk of Coos county any tax receipt or receipts for any taxes referred to in the complaint in said suit of Southern Oregon Company v. W. W. Gage.

That on July 3, 1914, the circuit court sustained the demurrer to the bill of complaint, filed by the defendant W. W. Gage, and, plaintiff not desiring to amend or plead further, entered an order dismissing the suit and vacating, setting aside, and revoking the temporary injunction and restraining orders theretofore issued in the case; but no order was made .therein disposing of the moneys which had been paid in pursuance of the order aforesaid to the clerk of said circuit court. From this judgment an appeal was taken to the Supreme Court of the state of Oregon, where the judgment was affirmed.

That on November 30, 1915, the defendant A. Johnson, Jr., as sheriff and tax collector of Coos county, Or., issued to Coos county certificates of delinquency for the delinquent taxes for 1909 on all said property, except six small pieces upon which certificates were issued to private parties in accordance with the provisions of section 3698, Lord's Oregon Laws, and Coos county, on March 29, 1916, filed its complaint in the circuit court of the state of Oregon for Coos county against the defendant Southern Oregon Company to foreclose all said certificates of delinquency and to sell all said lands to satisfy the same, which suit is now pending.

That long prior to November 10, 1915, the defendant Southern Oregon Company duly assigned to plaintiff whatever interest it might be said to have in the sums of money so deposited with the defendant Flanagan & Bennett Bank to the credit of the defendant T. M. Dimmick, and duly authorized plaintiff to apply to said defendant bank, or to any person having possession of said moneys, or any of them, and to demand the return and repayment of the same. That due notice of this assignment was given to the Flanagan & Bennett Bank, Robert R. Watson, and T. M. Dimmick. That on November 10, 1915, plaintiff and the defendant Southern Oregon Company ·demanded of the last-named defendants the return of all said moneys, which was refused.

A general demurrer to the amended complaint was filed on behalf of defendants, which demurrer was sustained by the court and the amended complaint dismissed. Plaintiff alleges error.

Dolph, Mallory, Simon & Gearin, of Portland, Or., for plaintiff in error.

Teal, Minor & Winfree, of Portland, Or., for defendant in error Flanagan & Bennett Bank.

L. A. Liljeqvist, of Marshfield, Or., for defendants in error Coos County and others.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). 1. There is a preliminary question of jurisdiction of the subject-matter of this action in the District Court raised by the defendant Flanagan & Bennett Bank. The suit in which the money in controversy was deposited with the clerk of the court was brought by the Southern Oregon Company, a corporation organized and existing under and by virtue of the laws of the state of Oregon. The other parties to that action were citizens of the state of Oregon. The Southern Oregon Company could not bring that suit in a federal court in Oregon because of a lack of diverse citizenship in the parties to the suit. The plaintiff in this case is a corporation organized and existing under the laws of the state of Wisconsin, and invokes the jurisdiction of the federal court on the ground of diverse citizenship. The objection to the jurisdiction of the District Court was raised by general demurrer to the complaint, and is based upon the first paragraph of section 24 of the Judicial Code (Act of March 3, 1911, 36 Stat. 1091), which provides, among other things, that:

"No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

[1] The obvious answer to this objection of jurisdiction is that this is not a suit to recover upon any promissory note or other chose in action, but is for money had and received. The order of the court under which the money in controversy was deposited with the clerk of the court provided:

"That upon the payment to the clerk of this court by the plaintiff, the amount of money shown by the tax rolls of Coos county, Oregon, to be due from the plaintiff as taxes upon the lands assessed to the plaintiff as owners, the defendant W. W. Gage as tax collector for said county shall also deliver to the clerk of this court proper tax receipts for such taxes, and the said clerk shall hold and retain said money and tax receipts until the final determination of the case of the United States of America v. Southern Oregon Company."

The Southern Oregon Company, the plaintiff in that case, assigned its interest in that money to the plaintiff in this case.

The recital in the complaint in this case that the "Southern Oregon Company, in compliance with the terms of said order of court, drew its check payable to the order of James Watson, who was then county clerk, for the sum of $24,752.62, which check was duly certified by said Flanagan & Bennett Bank and delivered to the said James Watson, then county clerk," is simply a statement of the method adopted by the Southern Oregon Company for depositing the money with the clerk of the court; but it is wholly immaterial how the money was deposited. It is sufficient that the money was deposited and is held by the clerk of the court, or by the county treasurer subject to the order of the court.

[2] There is a further answer to this objection, that the check mentioned in the complaint and another for $3,863.26 of the same character do not account for all the money deposited with the clerk.

There remains $35,000 furnished by this plaintiff to the Southern Oregon Company in making up the total money deposited, amounting to $63,615.88. The complaint therefore states a cause of action for the $35,000, to which the objection does not apply, and, as the demurrer is general, it was properly overruled.

But we place our decision upon the ground that the suit is not open to the objection that the subject-matter is within the prohibition of section 24 of the Judicial Code.

[3] 2. It appears that the tax collector of Coos county did not deliver to the clerk of the court the tax receipts referred to in the order of the court, to be held by the clerk, with the corresponding amount of money deposited by the plaintiff, until the final determination of the case in the federal court. It is contended by the plaintiff that the order of the court was made conditional upon the tax collector depositing these tax receipts with the clerk, and, until that was done, it was merely an offer of the Southern Oregon Company to deposit the money in court, provided the tax collector deposited the tax receipts; and that the offer of the plaintiff could be withdrawn at any time until acceptance, and, as it was never accepted, the money was never in custodia legis.

The answer to this contention is that the order was not conditional, and that the money was in fact deposited with the clerk of the court and was treated by the court as a deposit pursuant to the order of the court, and it was upon this deposit supporting plaintiff's petition that the court issued its temporary order and injunction against the tax collector, and it was upon the security of this deposit that the temporary injunction was continued in effect for a year. The failure of the tax collector to deposit the tax receipts did not prejudice the plaintiff in any manner, or prevent it from having the temporary injunction and the case finally determined upon the merits. It is too late now, after the deposit has served its purpose, to claim that the order was not conditional, and that the money was not deposited with the clerk pursuant to the order of the court.

[4] 3. The next question to be considered is the defense that the money deposited with the clerk of the state circuit court in the suit of the Southern Oregon Company against the tax collector of Coos county, Or., is in custodia legis. The plaintiff contends that, when that suit was dismissed, the money ceased to be in custodia legis and became subject to process in this suit.

The objection which the plaintiff in that case had to the payment of the taxes was that the United States government claimed that there had been a breach of a condition of the grant under which plaintiff claimed title to the lands and had instituted a suit to have the lands forfeited for such breach, and it was alleged that if the government was successful in its suit the plaintiff would not only lose the lands but the taxes it might pay. To avoid this alleged hardship, the plaintiff deposited the amount of the taxes with the clerk of the court upon condition that, if upon the final determination of the government's suit it should be held that the lands were the property of the United States, then the money so deposited with the clerk should be returned

to the plaintiff; but, if it should be held that the lands did not belong to the United States, then the money so deposited with the clerk should be paid over to defendant, "unless it shall meanwhile otherwise be ordered by this court."

The defendant demurred to the complaint; the court sustained the demurrer; and, the plaintiff electing to stand on the complaint, the court dismissed the suit. On appeal to the Supreme Court of the state, the judgment of the circuit court was affirmed (Southern Oregon Co. v. Gage, 76 Or. 427, 147 Pac. 1199, 149 Pac. 472); the Supreme Court holding that, the plaintiff having the record title to the lands and being in possession of them claiming to be the owner, the assessor was required by law to list them for taxation as the property of the plaintiff, and, until a forfeiture was judicially declared, the plaintiff was in fact the holder of the legal title to the lands. It was said, further, that if the United States should succeed in having a forfeiture declared, one of the results would be that the lands would be restored to the public domain and would thereafter be nontaxable; but that, it was said, would be a mere incident of the suit and not the object of it.

The money deposited with the clerk of the court by the plaintiff was to abide the determination of the suit brought by the United States to forfeit the lands, and was therefore money placed in custodia legis; and, as the case brought by the United States does not appear to have been finally determined, the money remains in custodia legis in accordance with the terms under which the deposit was made, unless we accept the contention of the plaintiff that the dismissal of the suit in which the deposit was made has ended the litigation. But as no order has been made by the court in that suit disposing of the moneys deposited with the clerk, and no application appears to have been made by the plaintiff for such an order, we do not see how we can hold that the litigation is ended. It still remains for the court to hold the money subject to the terms under which the deposit was made, namely, to abide the final determination of the government's suit, "unless it shall meanwhile otherwise be ordered by this court"; that is to say, unless in the meantime the proceedings in the suit in which the deposit was made should require some other order by the court respecting its disposition. It seems to us that, the suit having been dismissed, this contingency has arrived and the matter should be submitted to that court for an appropriate order.

"The court in which a fund has been deposited has power to order distribution of it; and when jurisdiction is once obtained it is not lost either by the abatement of the suit, or by the dismissal of the bill. * * * The court in which the fund is deposited has exclusive jurisdiction of the question of the right to the moneys, and all claims against the deposit must be asserted there." 13 Cyc. 1038.

This conclusion disposes of the controlling questions in the case and determines that the court below was right in dismissing the complaint upon the issues presented.

The judgment is affirmed.