[S. F. No. 15579. In Bank.—May 22, 1936.]

E. C. MOORE et al., Petitioners, v. SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Petitioners.

Tinning & De Lap and Walter Slack for Respondents.

LANGDON, J.—This is a petition for a writ of prohibition.

In 1933 the legislature enacted section 1068 of the Fish and Game Code, authorizing the Fish and Game Commission to grant permits for the taking of fish for reduction or extraction purposes. Under the statute the commission is required to limit the taking of fish so as to prevent waste or depletion of the species. In granting permits to various persons during the seasons of 1933–1934, and 1934–1935, the commission made equal allotments among the various plants. For the 1935–1936 season, however, the commission determined that permittees who had not theretofore engaged in the business should be permitted to take only half the amount allowed to those previously operating. Accordingly, after determining the total allowable tonnage the commission gave permits to 35 old plants to take 4,320 tons each for the season, and gave permits to 10 new plants to take 2,160 tons each for the season.

Three of the new plants, Ozol Packing Company, Point Edith Fisheries and Edible Fish Meals & Oils, Inc., then brought an action in the Superior Court of Contra Costa County to enjoin the members of the commission from enforcing the terms of the said permits, alleging that the action of the commission amounted to an arbitrary and unjustifiable discrimination against them. The said superior court, after a hearing, granted a temporary injunction, restraining the commission from interfering with the operations of these plants so long as they did not take in excess of 777 tons per

month for the five-month season, on the theory that this was the equal share of each plaintiff in the 175,000-ton allotment of the commission for all the plants. Thereupon petitioners, members of the commission, sought this writ of prohibition to restrain the respondent superior court from enforcing its injunction.

In the lower court proceeding the commission filed the affidavit of N. B. Scofield, chief of the bureau of commercial fisheries, in which he states that from his experience he has determined that newly erected, constructed and operated plants cannot and do not operate efficiently, and that the operation of such plants often results in waste and deterioration of fish, due to lack of experience in controlling the fish catch, to breakdowns and inefficiency of newly installed machinery, and to inefficiency in the handling and preparation of fish delivered to such new plants. On information and belief the affidavit set forth a charge of such waste and deterioration during the then current season (1935–1936) by Point Edith Fisheries, one of the plaintiffs. The commission contends that its unequal allotments of tonnages were based upon the conclusions set forth in said affidavit, and that the action was within its discretionary power. Respondents contend that the fact that a plant is new or old cannot be determinative on the issue of inefficiency or waste, and that the granting of unequal permits to plants substantially similar in construction and method of operation is manifestly unfair and arbitrary. No evidence as to how new plants operate, or data on the issue of waste or inefficiency of operation, was presented by either side, other than by the above affidavit. In this state of the record it might well be concluded that no sufficient showing of arbitrary action on the part of the commission has been made, although upon an adequate presentation of facts in support of the contention of the three plants, a case for correction of the order of the commission might have been made out. In other words, we cannot say that on its face the determination of the commission is unfair and arbitrary.

But if such a review of the commission's determination is sought, it must be in a proper proceeding. An appropriate legal remedy is available, a proceeding in *mandamus* to compel the granting of the permit sought. This being

so, the equitable remedy of injunction is ordinarily improper. (See *Mutual Elec. Light Co.* v. *Ashworth*, 118 Cal. 1 [50 Pac. 10] ; *Southern Leasing Co.* v. *Ludwig*, 217 N. Y. 100 [111 N. E. 470] ; *Pacific States Supply Co.* v. *San Francisco*, 171 Fed. 727 ; 32 C. J. 245, sec. 386.) ▇ It is also the rule that an injunction cannot be issued to prevent the enforcement of a public statute. (Cal. Civ. Code, sec. 3423 ; Code Civ. Proc., sec. 526 ; *Drumhiller* v. *Wright*, 64 Cal. App. 498 [222 Pac. 166] ; *Wright* v. *Jordan*, 192 Cal. 704 [221 Pac. 915] ; *Glide* v. *Superior Court*, 147 Cal. 21 [81 Pac. 225].) The injunction in the present case clearly operates to defeat the statute, for it increases the allotment of the three parties who obtained it, without reducing the amount allotted to other applicants who were not before the court, with the result that a total amount is permitted for the season beyond the limit found by the commission as the maximum permissible without depletion or waste.

▇ Respondents argue that in exceptional cases an injunction is proper even though a legal remedy exists, and they say that the delay occasioned by a proceeding in *mandamus* would cause irreparable damage by reason of the swift passing of the fishing season. On the other hand, the granting of the injunction has defeated the purposes of a statute designed to conserve natural resources. We are of the opinion that the possible loss through delay in the pursuance of the appropriate legal remedy is not a proper ground for an exception to the rule against granting an injunction in such a case. The cases of *Mutual Electric Light Co.* v. *Ashworth, supra,* and *Southern Leasing Co.* v. *Ludwig, supra,* are in point. Such decisions as *Abe* v. *Fish and Game Commission,* 9 Cal. App. (2d) 300 [49 Pac. (2d) 608], where an unconstitutional provision of a statute was enjoined, are, of course, clearly distinguishable.

It follows that the lower court was without jurisdiction to grant the injunction. Let a peremptory writ of prohibition issue restraining respondents from taking any further proceedings against petitioners herein based upon the allegations or prayer of the above-mentioned complaint.

Curtis, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.