[S. F. No. 15994.   In Bank.—July 28, 1938.]

A. A. BROCK, as Director of Agriculture, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

U. S. Webb, Attorney-General, Walter L. Bowers, Deputy Attorney-General, for Applicant.

Lewis D. Collings, Edward M. Selby and Cupp & Cupp for Respondents.

CURTIS, J.—Petitioner seeks a writ of prohibition to issue out of this court directed to the Superior Court of the County of Los Angeles and the Honorable Emmet H. Wilson, a judge thereof, "commanding the said superior court and the Honorable Emmet H. Wilson, as judge thereof, to immediately cease and desist from any further proceeding in connection with the restraining order" or the preliminary

injunction in a certain action pending before said court and instituted by G. S. Ray, and others against A. A. Brock, the petitioner herein, as director of agriculture of the state of California. The action of Ray, and others, *versus* Brock was instituted for the purpose of enjoining the petitioner from enforcing chapter 10 of division IV of the Agricultural Code of this state. (Stats. 1935, chap. 241, as subsequently amended, Stats. 1937, chaps. 3, 57, 413 and 710.)

In the action of Ray, and others, *versus* Brock, the plaintiffs asked for a restraining order and a temporary injunction, pending the trial of said action, against Brock as director of agriculture of the state of California, and upon the trial of the action, for a permanent injunction to restrain him from enforcing any of the terms and provisions of said chapter 10 of division IV of the Agricultural Code as amended by the legislature of 1937. After a hearing, the court on February 8, 1938, granted a restraining order against the defendant, as director of agriculture of the state of California, in which said director of agriculture was enjoined and restrained until the further order of said court from in any manner enforcing as against the plaintiffs, or either of them, any of the terms or provisions of chapter 10 of division IV of the Agricultural Code of the state of California, or "of said amended Stabilization and Marketing Plan" of the Los Angeles area as amended, or of the order of the said A. A. Brock, as such director, "for the Establishment of Minimum Wholesale and Minimum Retail Prices for Fluid Milk" for said Los Angeles County Marketing Area.

Prior to the issuance of any temporary injunction, but after the issuance of said restraining order, this proceeding was instituted in this court for a writ of prohibition commanding said court and the judge thereof to cease and desist from any further proceeding in connection with said restraining order, except to dissolve said restraining order. While an alternative writ of prohibition was issued by this court it was subsequently set aside, and thereafter said superior court issued said temporary injunction of date, February 18, 1938. At the date of the filing of the petition herein, said temporary restraining order was in force, and there was pending before said superior court an order to show cause why a temporary injunction should not issue. It was to

restrain the trial court from further proceeding in either of these matters that this proceeding was commenced.

Chapter 10 of Division IV of the Agricultural Code, together with its amendments, is frequently referred to as the Milk Control Act, and for the sake of brevity we will use that designation as we may have occasion to refer to the chapter in the course of this opinion. It is not necessary for our present purpose to set out in any detail the various provisions of the Milk Control Act. The title of the Milk Control Act is as follows: "An Act to add Chapter 10 to Division IV of the Agricultural Code, relating to the stabilization and marketing of fluid milk and fluid cream, declaring the urgency of this Act, to take effect immediately." In general, the act provides for the establishment of market areas in the several sections of the state by the director of agriculture, the fixing by the director of minimum wholesale and retail rates at which fluid milk may be sold in any certain marketing area after its establishment, and the enforcement of the orders of the director general fixing such rates within said areas. Acting upon the purported authority conferred upon him as director of agriculture by the terms of the Milk Control Act, said director had established the Los Angeles County Marketing Area, and under a Stabilization and Marketing Plan of date, May 15, 1937, had fixed the minimum wholesale and retail rates for the sale of fluid milk and fluid cream to be charged in said marketing area, and was proceeding to enforce said rates against all persons engaged in the sale of milk and cream within said area, including the plaintiffs in the action of *Ray et al.* v. *Brock,* hereinbefore referred to. As stated before, this last named action was instituted to enjoin A. A. Brock, as director of agriculture, from enforcing the terms of the Milk Control Act.

In support of their demand for an injunction against the director of agriculture, the plaintiffs allege that the director of agriculture failed to comply with the provisions of the Milk Control Act in the formation of said area and in the establishment of the amended Stabilization and Marketing Plan for the sale of milk and cream within said area. The allegations to that effect are set forth in Paragraph X of their complaint as follows:

"That defendant did not prior to the formulation of said Amended Stabilization and Marketing Plan for the pur-

ported area, conduct a hearing in said area, or at all, for the purpose of determining whether or not the producers who produce sixty-five per cent of the fluid milk for said area and whose major interest is in the production of fluid milk for said area, or of the producers who produce sixty-five per cent of the fluid cream for said area and whose major interest is in the production of fluid cream for said area, desire that a stabilization and marketing plan as to fluid milk or fluid cream be formulated for such area. That there was not prior to the formulation of said Amended Stabilization and Marketing Plan, or at any time, presented any petition for a Plan by the producers who produce sixty-five per cent of the fluid milk for said purported area, or for any area in or including the County of Los Angeles, or any part thereof, and whose major interest is in the production of fluid milk for said area, or by the producers who produce sixty-five per cent of the fluid cream for said purported area, or for any area in or including Los Angeles County, or in any part thereof, and whose major interest is in the production of fluid cream for the area.''

In said complaint, other grounds are advanced, some legal and some based upon certain alleged facts in support of their claim that the defendant was acting illegally in attempting to enforce said Stabilization and Marketing Plan, but the allegations of fact set forth in Paragraph X of said complaint are sufficient for our present purpose. The defendant in said action, the director of agriculture, was present both upon the application for a restraining order, and at the hearing of the order to show cause why a temporary injunction should not issue. His contention on these occasions, and his contention now, is that the Milk Control Act is presumed to be valid, and that the defendant as a public officer is presumed to have regularly performed his official duty in the organization of said area and in the establishing of said stabilization and marketing plan, and, therefore, no injunction may be issued to prevent the execution of said statute by him as such public officer without the establishment, after due hearing, of the invalidity of his acts, and that until such hearing and the final determination that his acts are illegal, the courts are without jurisdiction to issue an injunction restraining him from attempting to enforce the statute.

On the other hand, the trial court was of the view that, even conceding the constitutionality of the statute, there were still questions of fact tendered by the complaint as to whether the director of agriculture had regularly followed the provisions of the statute in the formation of the area and in the establishment of the marketing plan, and that until these questions of fact were determined by a trial of the case, the court might properly restrain the director from putting said plan in force.

Petitioner relies upon section 526 of the Code of Civil Procedure and section 3423 of the Civil Code. The fourth subdivision of each of these sections provides that an injunction will not lie to prevent the execution of a public statute by an officer of the law for the public benefit. But petitioner concedes, as we understand his position, that if it be determined after a trial that the officer is acting illegally, then it is within the power of the court to restrain his acts. These code sections therefore do not answer our present inquiry.

Petitioner cites us to no authority in support of his contention that the courts will presume the statute valid and that the officer has regularly pursued his authority thereunder and therefore no injunction will issue until it has been determined that his acts are illegal and unauthorized. He cites in support of his claim that prohibition is the proper remedy the following cases: *Reclamation District* v. *Superior Court,* 171 Cal. 672, 681 [154 Pac. 845], *Glide* v. *Superior Court,* 147 Cal. 21, 27 [81 Pac. 225], *Richardson* v. *Superior Court,* 138 Cal. App. 389 [32 Pac. (2d) 405], and *Brock* v. *Superior Court,* 9 Cal. (2d) 291 [71 Pac. (2d) 209, 114 A. L. R. 127]. But in none of these cases, was there any issue of fact tendered in the proceeding before the tribunal before which the proceeding was pending. The issues were all legal, and the ruling of the courts was uniform in holding that in such cases the trial court had no jurisdiction to enjoin an officer when the facts before it showed that he was acting within his legal authority. In the case of *Brock* v. *Superior Court, supra,* an express stipulation was entered into eliminating all issues of fact, and in the other cited cases it clearly appeared that no issues of fact were involved. Such was not the case in the pending action before the trial court when the application for a restraining order or a temporary injunction was before that court. Specific issues

of fact had been tendered by the complaint in that action. If these issues should be determined in favor of the plaintiffs, then it would be the duty of the trial court to issue an injunction restraining the officer from attempting to enforce the statute. ▮ The case before the trial court in that instance was precisely like that involved in a recent case decided by this court where we held that as there were issues of fact tendered by the complaint in an injunctive proceeding, the trial court had jurisdiction to try these issues of fact, and that prohibition would not lie to restrain the trial court from issuing an injunction against an officer in an attempt to enforce a public statute, until these issues of fact were determined. (*Agricultural Prorate Com.* v. *Superior Court,* 5 Cal. (2d) 550 [55 Pac. (2d) 495].) In that case our decision upon this point is as follows: ''In the injunction suit before the respondent court the plaintiffs therein made the claim that the prorate district in which the applicants were purporting to act as officers was never legally formed or organized in that the petition for the formation of said district was never signed by the necessary two-thirds of the lemon producers residing in said proposed district or zone, and therefore the commission had no authority to make its order organizing said district without an election being held therein to pass upon the question of the formation of said district. This claim on the part of said plaintiffs was set forth in paragraph XX of their complaint in which it is alleged among other things that 'said petition was not signed by two-thirds or more in number of the producers of lemons in California, nor by the owners of two-thirds or more of the producing factors of lemons in California.' If that allegation is true, then the district was not legally formed or organized, and if it was not so organized, an injunction against the applicants restraining them from executing the terms of said act would lie. On the hearing of the application for a temporary injunction, an affidavit was filed which purported to deny the allegations of paragraph XX of the said complaint. There is nothing, however, in the record before us to indicate that the respondent court has ever passed upon the issue tendered by the allegations of said paragraph XX. In fact, it would be rather unusual for the court to finally pass upon an issue of fact on an application for a temporary injunction. This issue of fact, however, was presented by the

plaintiffs in the injunction suit and the court had jurisdiction to decide it. So far it has never done so. The injunction suit is still in the respondent court, and the court has exclusive jurisdiction to hear and determine all undecided issues of facts presented by the pleadings in said suit. Should it determine that said district was legally organized and that the orders which the plaintiffs in said action seek to restrain are valid and binding upon those to whom they are directed, then it would be the duty of said court to deny the injunction and dismiss the suit. On the other hand, should the trial court find in favor of the plaintiffs in said suit upon the allegations of said paragraph XX, then it would necessarily follow that said orders would have no legal support and the defendants in said suit should be enjoined from enforcing them. For this reason the application for a writ of prohibition directed to respondents restraining them from proceeding in said action should be denied.''

We see no reason to recede from the position taken in the decision of that case. It appears to us to be the only reasonable conclusion that can be reached in proceedings of that nature. To hold otherwise would be to tie the hands of the court in cases in which great and irreparable injury might be done private citizens by officers acting under a mistaken belief of their authority. ▮ The issuance of a temporary injunction growing out of a factual situation is usually one within the sound discretion of the trial court.

The constitutionality of the Milk Control Act is also raised by the respondents. In view of our conclusion that the trial court still has jurisdiction of the injunction suit, and therefore the petition herein must be denied, it is not necessary for us to pass upon the constitutionality of said act, and a majority of this court deem it improper to do so. We, therefore, express no opinion upon the constitutional question raised by respondents.

The petition is denied.

Shenk, J., Langdon, J., Edmonds, J., Houser, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.