[Civ. No. 6172. Third Appellate District.—March 18, 1939.]

AGRICULTURAL PRORATE COMMISSION OF THE STATE OF CALIFORNIA et al., Petitioners, v. THE SUPERIOR COURT OF SONOMA COUNTY et al., Respondents.

Earl Warren, Attorney-General, W. R. Augustine and Ralph H. Cowing, Deputies Attorney-General, Agnew & Boekel, John D. Gallaher, Edson Abel, C. J. Carey and F. J. Heid, Jr., for Petitioners.

Charles DeMeo and J. N. DeMeo for Respondents.

Hale McCowen, as *Amicus Curiae,* on Behalf of Respondents.

PULLEN, P. J.—This proceeding arises under a statute creating the Agricultural Prorate Commission (Stats. 1933, chap. 754, and amended, Stats. 1935, chaps. 471 and 743, and chap. 6, Ex. Sess. 1938.)

An application was made to this court for a peremptory writ of prohibition to restrain the Superior Court of the State of California, in and for the County of Sonoma, and the respondent judges thereof, from taking any further proceedings with respect to a temporary restraining order and

threatened preliminary injunction in an action brought by Dewey F. Beldocchi, individually, and as the president of the Sonoma Dry Wine Growers Protective Association, a voluntary association, against the applicants herein.

Upon the filing of the petition this court issued an alternative writ of prohibition, and the matter now comes before us upon the application for a peremptory writ after hearing on the return of the alternative writ.

On June 6, 1938, a petition was filed with the Agricultural Prorate Commission requesting an election, under the provisions of the Prorate Act in the grape-producing areas of California, to determine whether or not there should be instituted a prorated marketing program for grapes produced in this state. After a hearing an election was ordered by the Agricultural Prorate Commission, which was held July 29, 1938. After a canvass of the votes on August 8, 1938, and pursuant to the petition, the commission established Proration Zone Number Two, approved a detailed marketing plan for the zone, and appointed a program committee to manage the affairs thereof. This committee met and organized, and determined the method, manner and extent of proration, appointed C. J. Carey as zone agent, and fixed September 1, 1938, as the date for the commencement of the program.

This program briefly provided that 45 per cent of all crushing grapes were surplus and were to be delivered to a surplus pool to be converted to brandy and alcohol, under the provisions of a government loan; the remaining 55 per cent of each of the producers of grapes were free tonnage to be disposed of by the producer as he saw fit.

The applicants, in seeking this writ of prohibition, urge three grounds: First, that the temporary injunction, as authorized by the trial court, is in excess of its jurisdiction in that it is based upon issues of fact as to the organization of the grape proration zone, which facts are not cognizable by the respondent court in the present action. Secondly, that the temporary injunction authorized by respondent court is in excess of its jurisdiction in that it attempts to protect the plaintiff and other unnamed persons from a lawful enforcement of a statute, in violation of the provisions of subdivision 4 of section 526 of the Code of Civil Procedure, and subdi-

vision 4 of section 3423 of the Civil Code, which prohibits the enjoining of the execution of a public statute by officers of a law for the public benefit, and, thirdly, the injunction authorized is in excess of the jurisdiction of respondent court as it runs in favor of unnamed persons who are not parties to the action.

Considering first the contention that the temporary injunction authorized by the respondent court is in excess of its jurisdiction, the application for the injunction does show it was based in part upon alleged defects in the creation of a zone. In regard to this point it is the contention of applicants that the respondent court is without authority to entertain issues relating to organizational defects and that such issues are cognizant only in *quo warranto* proceedings.

In regard to this point we feel bound by the rule enunciated in *Agricultural Prorate Com.* v. *Superior Court,* 5 Cal. (2d) 550 [55 Pac. (2d) 495]. In that case certain lemon growers sought, as did the grape producers here, a temporary injunction against the lemon prorate program on the ground that the proceedings taken in the formation of the zone were irregular. As a result of that hearing the superior court expressed its intention of granting the temporary injunction as prayed for. Thereupon the Prorate Commission, the members of the Prorate committee and others, as applicants, instituted an action to obtain a writ of prohibition against the superior court and the judge thereof, commanding them to desist from further proceedings. In reply thereto the Supreme Court, in denying the petition, said:

"In the injunction suit before the respondent court the plaintiffs therein made the claim that the prorate district in which the applicants were purporting to act as officers was never legally formed or organized in that the petition for the formation of said district was never signed by the necessary two-thirds of the lemon producers residing in said proposed district or zone, and therefore the commission had no authority to make its order organizing said district without an election being held therein to pass upon the question of the formation of said district. This claim on the part of said plaintiffs was set forth in paragraph XX of their complaint in which it is alleged, among other things, that 'said

petition was not signed by two-thirds or more in number of the producers of lemons in California, nor by the owners of two-thirds or more of the producing factors of lemons in California.' If that allegation is true, then the district was not legally formed or organized, and if it was not so organized, an injunction against the applicants restraining them from executing the terms of said act would lie. On the hearing of the application for a temporary injunction, an affidavit was filed which purported to deny the allegations of paragraph XX of the said complaint. There is nothing, however, in the record before us to indicate that the respondent court has ever passed upon the issue tendered by the allegations of said paragraph XX. In fact, it would be rather unusual for the court to finally pass upon an issue of fact on an application for a temporary injunction. This issue of fact, however, was presented by the plaintiffs in the injunction suit, and the court had jurisdiction to decide it. So far, it has never done so. The injunction suit is still in the respondent court, and that court has exclusive jurisdiction to hear and determine all undecided issues of fact presented by the pleadings in said suit. Should it determine that said district was legally organized and that the orders which the plaintiffs in said action seek to restrain are valid and binding upon those to whom they are directed, then it would be the duty of said court to deny the injunction and dismiss the suit. On the other hand, should the trial court find in favor of the plaintiffs in said suit upon the allegations of said paragraph XX, then it would necessarily follow that said orders would have no legal support and the defendants in said suit should be enjoined from enforcing them. For this reason, the application for a writ of prohibition directed to respondents restraining them from proceeding in said action should be denied.

"It is therefore ordered that the petition herein be denied, and the alternate writ heretofore issued be discharged."

The applicants claim that the Supreme Court, in that opinion, was not passing upon the validity or propriety of the injunction proceedings, but were considering the constitutionality only of the statute. A reading of the case, however, does not bear out this contention. Apparently the issue before the court in that case was exactly the question that is here

before us, that is, the propriety of the issuance of an injunction *pendente lite*. If the quoted case is to be modified, or the rule as there enunciated is to be considered as *dicta*, such should be declared by the Supreme Court rather than from this court. We deem ourselves bound thereby.

■ The second point, that the order of the respondent court violated certain code provisions, is not well taken, for if the officers were in fact acting illegally, it is, as held in the foregoing case, within the power of the court to restrain their acts. In *Brock* v. *Superior Court*, 11 Cal. (2d) 682 [81 Pac. (2d) 931], the court distinguishes *Reclamation Dist.* v. *Superior Court*, 171 Cal. 672 [154 Pac. 845], and *Glide* v. *Superior Court*, 147 Cal. 21 [81 Pac. 225], both cited by applicants in support of their second contention by pointing out that in those cases no issue of fact was presented, the issues being legal, and in such cases the trial court had no jurisdiction to enjoin an officer when the admitted facts before it show that the officer was acting within his legal authority. Where issues of fact are in issue, as here, the court, in *Brock* v. *Superior Court, supra,* said:

"To hold otherwise would be to tie the hands of the court in cases in which great and irreparable injury might be done private citizens by officers acting under a mistaken belief of their authority."

To the same effect, see *Hershey* v. *Cole,* 130 Cal. App. 683 [20 Pac. (2d) 972]; *Merchants Trust Co.* v. *Hopkins,* 103 Cal. App. 473 [284 Pac. 1072].

■ The third point urged by applicants is that the temporary injunction authorized by the respondent court is in excess of its jurisdiction in that it attempts to protect plaintiff and other unnamed persons from the lawful enforcement of a statute for the public benefit. Inasmuch, however, as no order has yet been made, there is nothing to which we can direct our attention. That the court had jurisdiction is also apparent from a reading of section 17 of the Prorate Act, which specifically stated that any order of the commission substantially affecting the rights of an interested party may be reviewed by any court of any competent jurisdiction. To this, applicants reply that the legislature may not confer upon a court the right to issue a writ of review unless such power is conferred by the Constitution. That is correct;

but here where the section states that, " . . . any other order of the Commission substantially affecting the rights of any interested party may be reviewed by any court of competent jurisdiction" the term "may be reviewed" is not to be confused with the term "writ of review". It is quite clear it was intended by the right of review that an interested party should have a right to put in issue before a superior court a question arising as a result of the promulgation of any order the commission might make.

As to the fact that the plaintiff therein was suing in a representative capacity, such right is fixed by section 382 of the Code of Civil Procedure, which provides:

" . . . and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

For the foregoing reasons, and upon the authority of *Agricultural Prorate Com.* v. *Superior Court, supra,* the peremptory writ of prohibition should be denied. It is so ordered.

Tuttle, J., and Thompson, J., concurred.