[Civ. No. 15044. Second Dist., Div. Three. Mar. 27, 1946.]

KATHERINE F. HELVEY, Plaintiff; A. C. HELVEY, Respondent, v. ALFRED G. CASTLES et al., Defendants; B. A. MILLER et al., Appellants.

[Civ. No. 15085. Second Dist., Div. Three. Mar. 27, 1946.]

KATHERINE F. HELVEY, Plaintiff; A. C. HELVEY, Appellant, v. ALFRED G. CASTLES et al., Defendants; B. A. MILLER, Respondent.

[Civ. No. 15116. Second Dist., Div. Three. Mar. 27, 1946.]

KATHERINE F. HELVEY, Plaintiff; A. C. HELVEY, Appellant, v. ALFRED G. CASTLES et al., Defendants; HERMAN MILLER, Respondent.

William M. Taylor for Appellant and Respondent Helvey.

Roth, Brannen & Schwab for Appellants and Respondents Miller.

SHINN, J.—We have several appeals from an order made in a proceeding for the issuance of execution upon an old judgment. A. C. Helvey, referred to herein as plaintiff, as assignee of his wife, Katherine, who obtained a judgment against Herman Miller, Blanche A. Miller and others in 1931, made a motion in March, 1945, for execution against defendants Miller, and had a restraining order issued against the transfer of property pending the hearing of the motion. The Millers moved to dissolve the restraining order and for an injunction against further proceedings for collection of the judgment. The several motions were heard together and were disposed of by a single order. The motion of plaintiff was denied as to Herman Miller but execution was ordered to issue against Blanche A. Miller, and the motions of the defendants were denied. Thereafter the Millers appealed from several provisions of the order, including the one for the issuance of execution against Blanche A. Miller. Notwithstanding the appeal the clerk issued execution against Mrs. Miller, but upon the following day certified to the court the fact that execution had been issued erroneously and inadvertently, and the court, upon the certificate of the clerk, ordered the writ quashed and property which had been levied upon released. In No. 15116 plaintiff appeals from the order insofar as it denied his application for a writ against Herman Miller; in No. 15085 he appeals from the order quashing the writ and releasing the property under levy, and in No. 15044 the Millers appeal from the order insofar as it directed execution to issue against Blanche A. Miller and denied their application for an injunction.

The motion of defendants for an injunction, and their opposition to the motion for issuance of execution, were based upon the record, which shows that a former holder of the judgment, one Potter, applied for a writ of execution against both Mr. and Mrs. Miller in 1943 and that an order was made denying the motion. It is contended that the former order operates as a bar to the later application. The plea of res judicata was sustained as to Herman Miller and overruled as to Blanche A. Miller. This application of the doctrine of res judicata, if correct, is decisive of plaintiff's appeal from the order denying execution as against Herman Miller and of Blanche A. Miller's appeal from the order denying her an injunction.

We shall discuss first the effect of the order made in the 1943 proceeding. In that proceeding the motion was based upon affidavits of A. C. Helvey and one Weiss, attorney for M. Potter, who at that time was the holder of the judgment. An order to show cause was issued and was served upon Herman Miller but not upon Blanche A. Miller. Herman filed an affidavit in reply to those of plaintiff, but Blanche A. Miller did not file an answering affidavit or otherwise appear in the proceeding. The matter came on for hearing, Mr. Weiss appeared on behalf of Mr. Potter, and there was no appearance by or on behalf of either defendant. The motion for issuance of the execution was presented, was taken under advisement and upon the following day was denied. The order did not specify any ground for the denial. Plaintiff makes the statement that the motion was abandoned because it was shown by the affidavit of Miller that defendants had no interest in the property which plaintiff was attempting to reach, but this statement finds no support in the record. ■ It is to be presumed that the court considered all grounds that could have been urged for the issuance of the execution, and against its issuance, and decided them in favor of the defendants. (2 Cal.Jur. 860.) ■ A sufficient ground for denial of the motion as to Herman would have been that plaintiff had not proceeded with due diligence in the 12 years that had elapsed after the judgment was rendered. The question whether the creditor had acted with due diligence is necessarily involved in such a proceeding, where it is not waived, and it was specifically raised by the affidavit of Miller. This 12-year period is a closed book. Whether the 1943 order was correct or incorrect, there can be no reexamination of the question of the use of diligence prior to 1943, either upon the evidence that was then before the court or upon additional evidence, so far as affects Herman Miller. There is no suggestion that the court was prevented from making a complete factual investigation at that time by reason of any extrinsic fraud. It is unnecessary to decide whether a reexamination would be allowable upon a showing that the creditor had been prevented from presenting the facts upon the first application by reason of fraudulent representations or concealment on the part of the debtor. No such showing was attempted by plaintiff. A decision as to whether diligence had been used by plaintiff

which would excuse the delay in applying for execution could not have been made except on a motion for execution, and the hearing on the motion was a trial of that issue. The order that was made was upon the merits, it constituted a final adjudication upon a mixed question of law and fact, and it had all the force of a judgment. The same question was before the court in *Wheeler* v. *Eldred* (1902), 137 Cal. 37 [69 P. 619], where it was held that the defense of res judicata will prevail against a second motion for execution after denial, upon the merits, of a prior motion. The court said (p. 39), with reference to the claim that there had not been a full presentation of the facts upon the first application: "The contention of appellant is no stronger than would be the contention of a party that he ought to be allowed to maintain a second suit after judgment had been rendered against him in a former suit on the same cause of action, because on the trial of the first action he had not properly argued his case." In ruling upon the same point, the court said in *Creditors Adjustment Co.* v. *Newman* (1921), 185 Cal. 509, 513 [197 P. 334]: "The order of the court granting this motion was a judgment on the merits as to plaintiff's right to enforce its judgment under the provisions of section 685, as to all grounds presented, or defense thereto open to the plaintiff on such hearing. The question of plaintiff's right to an execution was clearly before the court on its merits, and conceding that the court may have committed error in the admission of certain evidence and in considering certain grounds of objection to the original order, which would have called for reversal on appeal, it had jurisdiction to act in the premises, and the judgment having become final, without appeal or other direct attack, it is conclusive, whether the matter was rightly or wrongly decided, as to all matters presented or which should have been presented on the hearing. [Citing cases.]"

The trial court properly sustained the plea of res judicata as to Mr. Miller. It would have been improper to retry the issues that had been decided upon the first motion. It was unnecessary to order that no further proceedings should be had for execution against Mr. Miller.

Blanche A. Miller was not served with notice of the 1943 motion and she made no voluntary appearance. The court would have been without jurisdiction to order issuance

of execution against her. (Code Civ. Proc., § 685.) It must be presumed that the motion made by Potter in 1943 was denied as to her upon that ground, since it would have been improper to make any other disposition of the motion as to Mrs. Miller when she had not been served with notice. ■ A decision upon the ground of want of jurisdiction over a party to a proceeding is not a decision upon the merits and does not bar a determination upon the merits by a court which has jurisdiction. (*Hogeberg* v. *Industrial Acc. Com.* (1927), 201 Cal. 169 [256 P. 413] ; 15 Cal.Jur., p. 124.)

■ Blanche A. Miller seeks a reversal upon the further ground that the court was guilty of abuse of discretion in ordering execution against her, for the reason that the affidavits filed in the instant proceeding in support of the motion failed to show that the judgment creditor had used due diligence for the collection of the judgment. In *Butcher* v. *Brouwer* (1942), 21 Cal.2d 354 [132 P.2d 205], it was said that the present provisions of section 685 of the Code of Civil Procedure should be construed as authorizing the court to order executions "only if, during the five years following entry of judgment, he [the judgment creditor] exercised due diligence in locating and levying upon property owned by the debtor, or in following available information to the point where a reasonable person would conclude that there was no property subject to levy within that time."

The affidavit of Mr. Helvey in the present proceeding, which set forth the efforts that had been made to discover property of the Millers, was loosely worded and contained an abundance of irrelevant matter. We shall mention only the statements which were relevant to the inquiry in the trial court. It was stated that he is a professional searcher of records, that he has made a practice ever since the judgment was rendered of searching the records of the offices of the recorder and assessor of Los Angeles and other counties and records of the Motor Vehicle Department and has been unable by such means to locate property of the defendants upon which to levy execution. It was stated that between 1931 and 1941 there was no property standing of record in the name of either defendant in Los Angeles or some 20 other named counties, and that during the past 10 years there had been no motor vehicle registered in the name of either defendant as registered and legal owner; that he had tried many times to locate bank accounts in the names of defendants

and had been unsuccessful; that on May 1, 1936, suit was filed for renewal of the judgment; that he then learned that Herman Miller was in some prison but that he was unable to learn which prison, and that the defendants could not be located for the service of summons. It was stated that both Mr. and Mrs. Miller went through bankruptcy in 1937 but that the judgment he holds against them was based upon findings of fraud and that they were not discharged from liability under it. It appeared from other affidavits that Herman Miller was sentenced in 1933 to pay a fine of $3,000 and to serve two years in prison for conspiracy to violate the Volstead Act, consisting of the unlawful manufacture of intoxicating liquor and possession of a still and apparatus. The offenses were committed in Merced County in 1932 and the defendant spent two years in prison in the state of Washington, being released in April, 1935. It further appeared that the original amount of the judgment was $14,-933.32, but that $3,210.75 had been collected in 1931 and $3,240 in 1932 upon execution issued against judgment debtors other than the Millers. It was stated in the affidavit of Herman Miller that he and his wife did not profit in the transaction which was the basis of the cause of action for which the judgment was given. It was stated, ''That this defendant and the defendant B. A. Miller have had property, both real and personal in their names and several different times, and the records of such ownership by this defendant and the defendant B. A. Miller have been on file in the office of the County Recorder of Los Angeles County, California, and in the Department of Motor Vehicles of the State of California,'' but no reference was made to years prior to 1940, except with relation to automobiles standing in Mrs. Miller's name as registered owner. It was stated that Mrs. Miller had owned automobiles at different times but there was no statement as to their value nor as to the encumbrances against them. She was not shown to have been the legal owner of any of them. There was no evidence before the court as to the occupation or business activities of the defendants Miller prior to 1940, except such as was furnished by the judgment of the United States District Court in the criminal case.

We think the trial court would have been justified in holding that it would have been useless for plaintiff to

have had execution issued against the Millers at any time during the ten years subsequent to the rendition of the judgment. There was no evidence that anything could have been realized from a levy upon any of the automobiles which Mrs. Miller owned from time to time. It was admitted in the affidavit of Herman Miller that he had used a third person to take title to property in which he had an interest in 1940, and there was no evidence that other property had been owned by the Millers prior to that time.

It must be conceded that the mere examination of public records in the hope that a judgment debtor will acquire property in his own name constitutes a minimum of effort to locate property subject to execution, but it does not follow as a matter of law that more must be done under all circumstances to avoid a charge of negligence. There are situations in which there is little else that can be done. Apparently plaintiff lost track of the Millers as early as 1932 and did not know of Herman's venture in Merced County, the same being of a nature not commonly publicized. In May, 1936, Mr. Helvey believed Herman to be still in prison, although he had been released a year earlier. There was in reality nothing which plaintiff could do but wait for the Millers to accumulate something. The law does not require idle acts and the statute under consideration should not be given a construction which would penalize a creditor for inactivity when he in good faith explores the available sources of information. There is no rule of law which requires a creditor to continue a vigorous search for something he believes does not exist and which does not in fact exist. Each case must be judged upon its own facts; the discretion in such matters is with the trial court, not the reviewing court. We are not saying that the court could not properly have denied the application as to Mrs. Miller, but an order directing the issuance of execution may not be reversed merely for the reason that the court with equal propriety could have declined to make the order.

There was no abuse of discretion in directing the issuance of execution against Blanche A. Miller, nor in denying defendants the injunction they sought.

▇ We find no merit in plaintiff's appeal from the order quashing the execution. An appeal had been taken by defendants and the effect of it was to stay all proceedings in the trial court upon the order appealed from. (Code Civ. Proc.,

§ 949.)   The clerk had no authority to issue the writ and the issuance of it was a void act.   (*Peterson* v. *Lampton* (1941), 46 Cal.App.2d 751 [116 P.2d 953].)   It was the duty of the court to quash the writ. ▮   No notice to plaintiff and no hearing  were  necessary.

The order is affirmed as to all of its provisions from which the several appeals were taken.

Desmond, P. J., and Wood, J., concurred.