[L. A. No. 23641. In Bank. Oct. 28, 1955.]

FINANCIAL INDEMNITY COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; F. BRITTON McCONNELL, as Insurance Commissioner, etc., Real Party in Interest.

John S. Bolton, Wright, Wright, Green & Wright, Loyd Wright and Dudley K. Wright for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel for Respondent.

Edmund G. Brown, Attorney General, Everett W. Mattoon, Assistant Attorney General, and Lee B. Stanton, Deputy Attorney General, for Real Party in Interest.

EDMONDS, J.—G. Kenneth Vaughn is the owner of all of the outstanding capital stock of Financial Indemnity Company, a California corporation licensed to do business as an insurer in this state. The company and Vaughn commenced

an action in the superior court seeking declaratory relief and an injunction to prevent the Insurance Commissioner from taking over the assets of the corporation. As ground for justifying judicial interference with the purpose of the Insurance Commissioner, it is alleged that the condition of the company does not come within the statutory conditions allowing him to take charge of its affairs.

On the day after that action was commenced, the commissioner presented in open court an application for conservatorship pursuant to the provisions of section 1011 of the Insurance Code.[1] Vaughn and the company requested the court to issue an order to show cause and a temporary restraining order to enjoin the commissioner from filing his application. The court refused to do so, upon the ground that ''it does not have any jurisdiction in such matters until the commissioner files a petition under section 1011 or summarily seizes the company under section 1013[2] . . . If the court issued an injunction herein it would . . . [usurp] the discretion exclusively vested in the commissioner to determine and find, in the first instance, whether or not conditions justifying seizure existed.''

Vaughn and the company then filed in the District Court of Appeal the present proceeding in mandamus. That court ordered the superior court to show cause why a writ of mandate should not issue requiring the court to proceed to a hearing and determination of the action for declaratory relief and injunction. It also provided that ''pending the hearing of such order to show cause, you are directed to take no action calculated to affect the pendency of said cause except to proceed with the trial thereof.''

The Insurance Commissioner, as the real party in interest, noticed a motion to vacate the order to show cause, or for modification of it, by deleting the portion which prohibited

---

[1]Section 1011: ''The superior court . . . shall, upon the filing of the commissioner of the verified application showing any of the following conditions hereinafter enumerated to exist, issue its order vesting title to all of the assets of such person, wheresoever situated, in the commissioner. . . .''

[2]Section 1013: ''Whenever it appears to the commissioner that any of the conditions set forth in section 1011 exist or that irreparable loss and injury to the property and business of a person specified in section 1010 has occurred or may occur unless the commissioner so act immediately, the commissioner, without notice and before applying to the court for any order, forthwith shall take possession of the property, business, books, records and accounts of such person, and of the offices and premises . . . and retain possession subject to the order of the court. . . .''

him from filing an application for conservatorship pending the hearing. He also filed a return by way of demurrer, alleging that the petition for mandamus does not state a cause of action because the court has no jurisdiction over the respondent superior court, or the subject matter of the petition. By answer, the commissioner denies specifically and generally each and every allegation except those pertaining to the corporate status of the company. Vaughn's stock interest, the pendency of the action in the superior court and its refusal to act. in the matter As an affirmaive defense, he attacks the petition upon the same grounds presented by the demurrer. The superior court demurred to the petition upon the grounds that it does not state facts sufficient to entitle the petitioners to the remedy sought.

Vaughn and the company contend that the commissioner is attempting to apply sections 1011 and 1013 of the Insurance Code in an unconstitutional manner, in that he threatens to take over the company for reasons not specified by the statute. Such action, the argument continues, would deprive the petitioners of their property rights without due process of law. The position of the commissioner and the respondent court is that the writ should be denied because (1) the superior court has passed on the matter and its order is appealable; (2) the pendency of an action for declaratory relief and an injunction does not enlarge the jurisdiction of the court nor bar the commissioner from acting pursuant to section 1011 of the Insurance Code; (3) when an application is filed by the commissioner pursuant to statute, it is the mandatory duty of the respondent court to issue a vesting order; and (4) the courts have no jurisdiction to enjoin state officers from the execution of constitutional statutes for the public benefit.

Section 1086 of the Code of Civil Procedure provides that the writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." "An appeal is the usual course open to a litigant who believes that the trial court has committed error." (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 366 [217 P.2d 951].) However, where the court disposes of a matter before it upon the ground that it has no jurisdiction, and thereby precludes a decision on the merits, mandamus has been issued to compel the court to decide the issues upon the merits. (See *Cahill* v. *Superior Court*, 145 Cal. 42 [78 P. 467]; *Times-Mirror Co.* v. *Superior*

*Court,* 3 Cal.2d 309 [44 P.2d 547]; *Levy* v. *Superior Court,* 15 Cal.2d 692 [104 P.2d 770, 129 A.L.R. 956].) ■ A dismissal of a proceeding or a denial of relief on the sole ground of lack of jurisdiction is not a decision on the merits. (See *Hogeberg* v. *Industrial Acc. Com.,* 201 Cal. 169, 182-183 [256 P. 413]; *Helvey* v. *Castles,* 73 Cal.App.2d 667, 672 [167 P.2d 492].) ■ And in *Katenkamp* v. *Superior Court,* 16 Cal.2d 696 at page 698 [108 P.2d 1], the court said, "If a court is mistaken in its assumption that it does not possess the requisite jurisdiction, *mandamus* will issue to compel it to assume jurisdiction."

The trial court's refusal to issue the requested order to show cause and temporary restraining order was based squarely upon the ground of lack of jurisdiction. The decisive question, therefore, in the present proceeding is whether, upon any theory reasonably to be drawn from the facts stated in the complaint of Vaughn and the company, the commissioner may be enjoined from filing an application for conservatorship.

The purpose of Vaughn and the company is to have the issue of whether grounds for conservatorship exist determined before the commissioner is allowed to take over the company. They assert that if the conditions provided by statute as grounds for taking over the business of an insurer do not exist, an order allowing the commissioner to do so would amount to an application of the provisions of the Insurance Code against them in an unconstitutional manner. This argument assumes that any error in judgment by the commissioner would be a violation of constitutional rights. ■ But as was said in *Rhode Island Ins. Co.* v. *Downey,* 95 Cal.App.2d 220, 230-231 [212 P.2d 965], "It is not a requirement of the statute . . ., that such matters not be disputable. The Legislature undoubtedly assumed that in most cases the company involved would dispute the commissioner's contentions, and accordingly provided, in section 1012[3] for a full hearing before the trial court, at which the company could show that the conditions claimed by the commissioner did not exist. There is no implied restriction in the statute that the com-

[3]Section 1012: "Said order shall continue in force and effect until, on the application of either of the commissioner or of such person, it shall, after a full hearing, appear to said court that the ground for said order directing the commissioner to take title and possession does not exist or has been removed and that said person can properly resume title and possession of its property and the conduct of its business."

missioner act only where the existence of the dangerous condition is beyond dispute.''

In the Rhode Island case the commissioner obtained an order appointing him conservator. The company sought a writ of mandate directing the superior court to vacate the order, contending, among other points, that the facts did not justify the commissioner's action. The court refused to issue the writ, saying, ''The statute, as construed by the California courts, requires only that the commissioner file a verified application stating that he has found one, or more, of the statutory grounds to exist. 'In making his application under section 1011 of the Insurance Code, *the commissioner does not seek a judicial appointment and a judicial ruling that the company is in fact delinquent.* By his application the commissioner merely represents that he has found certain conditions to exist and has made his official administrative determination to proceed as authorized by the statute. In obtaining his original ex parte order, *the commissioner is not required to show* to the court *that the company was in fact in a hazardous condition,* but only that he. as a state officer, invested by legislative authority with the power, has so ''determined'' and ''found.'' ' (*Caminetti v. Imperial Mut. L. Ins. Co.,* 59 Cal.App.2d 476, 487 [139 P.2d 681] . . .; emphasis added.)'' (Pp. 230, 231.)

The court not only concluded that the issues must be heard in a proceeding brought pursuant to section 1012 but also held that an order made in accordance with its provisions is not a deprivation of due process. ''Although the requirements of due process often involve a prior full hearing, it has long been recognized that where public necessity requires. there can be action *followed* by a hearing. . . .'' (P. 235.) (Also see *Carpenter v. Pacific Mutual Life Ins. Co.,* 10 Cal 2d 307, 324 [74 P.2d 761] ; *State Savings etc. Bank v. Anderson,* 165 Cal. 437 [132 P. 755, L.R.A. 1915E 65] ; *North American Bldg. & Loan Assn. v. Richardson,* 6 Cal.2d 90 [56 P.2d 1221].) ''It must be remembered that insurance companies, like banks and building and loan companies, are charged with a public interest, and hence, the price of doing business is the fact that whenever a condition exists which the insurance commissioner feels is hazardous, he may take over the company and the question of whether he was justified in doing so is thereafter threshed out.'' (P. 233.)

The Legislature has provided a procedure by which the public interest in insurance companies may be protected.

■ The only requirement for judicial action upon the application of the commissioner is his determination that he believes a hazardous condition exists which jeopardizes the future of the company. Upon an application stating those facts, the code provides that the court "shall" issue the order for conservatorship. The word "shall" as used in the Insurance Code, is mandatory. (§ 16.)

■ Section 3423, subdivision 4, of the Civil Code and also section 526, subdivision 4, of the Code of Civil Procedure provide that an injunction cannot be granted "to prevent the execution of a public statute, by officers of the law, for the public benefit." These sections do not bar judicial action where the invalidity of the statute under which he is acting is shown (*Reclamation Dist. No. 1500* v. *Superior Court*, 171 Cal. 672 [154 P. 845]) or when the officer exceeds his powers. (*Cowell* v. *Martin*, 43 Cal. 605.) ■ However, sections 1011 and 1013 of the Insurance Code have been upheld as valid (*Rhode Island Ins. Co.* v. *Downey*, 95 Cal. App.2d 220 [212 P.2d 965]), and if the commissioner follows the statutory procedure and certifies that certain conditions exist, his action cannot be successfully challenged on the ground of excess of authority.

■ In *Southern Oregon Co.* v. *Quine*, 70 Ore. 63 [139 P. 332], the court said, "We think the law is fixed, beyond cavil, that courts of equity have no power by injunction to restrain a public officer from performing an official act that he is required by valid law to perform. It is not sufficient to clothe the court with jurisdiction to say simply that, unless the court extends its restraining hand, hardships will follow, or irreparable damage will ensue, because the officer delegated to execute such law may act unwisely or injuriously to the party seeking relief. The acts must be such as are without the sanction of a sound law." This statement has been quoted with approval by the courts of this state. (See *Reclamation Dist. No. 1500* v. *Superior Court*, 171 Cal. 672 [154 P. 845] ; *Loftis* v. *Superior Court*, 25 Cal.App.2d 346, 353 [77 P.2d 491].)

■ A court is not vested with jurisdiction to issue an injunction by an allegation in the pleadings that the commissioner has abused his discretion or acted in bad faith.

■ The primary purpose for the drastic remedy provided by sections 1011 and 1013 of the Insurance Code is to prevent dissipation of the assets of the company after the commissioner has determined that a hazardous condition exists.

To allow a court to delay conservatorship while it determines the motives of the commissioner would as effectively defeat that purpose as to postpone the conservatorship while the existence or nonexistence of the hazardous condition is judicially established. Any dictum in the Rhode Island case to the contrary is disapproved.

In *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.*, 31 Cal.2d 720 [192 P.2d 916], this court refused to compel, by writ of mandate, the cancellation of charges made against the petitioner for amounts assertedly due under the Unemployment Insurance Act. It was held that judicial review of the collection may be had only after payment under protest. That act provides that no injunction or writ of mandate shall issue to prevent or enjoin the collection of contributions. In upholding the statute, the court said, "If proceedings which halt the collection of the tax were allowed to be brought before the payments are made, the power would be placed in the hands of employers to so delay the creation of the fund as to frustrate the purposes of the act. It has been expressly declared by this court that these purposes are of great public importance, and that procedural obstacles which would delay or prevent their fulfillment are to be avoided." (P. 732.)

The Insurance Code clearly indicates a legislative intent to create a system to protect the public interest in insurance companies. The issuance of an injunction would defeat the purpose of such statutes. (See *Moore* v. *Superior Court*, 6 Cal.2d 421, 424 [57 P.2d 1314].) The Legislature has determined that possible irreparable injury to the company must be subordinated to the public interest. (See *Rhode Island Ins. Co.* v. *Downey*, 95 Cal.App.2d 220 [212 P.2d 965] ; *North American Bldg. & Loan Assn.* v. *Richardson*, 6 Cal.2d 90 [56 P.2d 1221] ; *State Savings etc. Bank* v. *Anderson*, 165 Cal. 437 [132 P. 755, L.R.A. 1915E 65].)

The petitioners have filed an application for leave to present additional evidence. They claim that an examination of the company's financial condition, recently completed by the Insurance Commissioner, shows that it is solvent. They do not state the purpose for which the evidence is offered, but apparently it is in support of their position that the contemplated application by the commissioner for an order authorizing him to conduct the business as conservator is not to be made upon statutory grounds.

For the reasons which have been stated, the petition for

mandate presents no tenable ground for judicial interference with the exercise of the commissioner's official duty. Although after an order has been made upon such an application, evidence of the insurer's solvency would be relevant in a hearing conducted pursuant to section 1012 of the Insurance Code, it has no bearing upon the issue in the present proceeding. Upon the record before him, the trial judge was correct in the conclusion that the court was without jurisdiction to enjoin the commissioner from making such application.

The application for leave to produce additional evidence is denied. The demurrers to the petition for a writ of mandate are sustained, and the order to show cause is vacated

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The majority opinion holds that the superior court has no jurisdiction in an action which seeks declaratory relief and an injunction against the Insurance Commissioner who, it is charged, is threatening to abuse and exceed his statutory power with respect to assuming control over plaintiff insurance company purportedly because it is in an unstable financial condition. It is pointed out that the commission may seize a company if certain conditions exist either with or without a proceeding in court. (Ins. Code, §§ 1011, 1013.)

In the action of which the majority says the superior court did not have jurisdiction, the plaintiff alleges in its complaint ample facts to give the court jurisdiction. The complaint must be accepted as true as the question involved is solely whether the action is one in which the court has jurisdiction It is alleged that the Insurance Commissioner has been investigating plaintiff since its organization and has claimed that plaintiff Vaughn is not a proper person to hold the stock of the plaintiff and that it was insolvent; that plaintiff is solvent;* that during the commissioner's investigation, his subordinates "exhibited an extreme personal animosity to officers, directors, employees and counsel for plaintiff . . . and both the financial reports and the reports on the conditions of the company have been motivated by bias and prejudice, and a desire to accomplish the removal of G. Kenneth Vaughn and his family from the insurance business";

---

*It offers evidence here to show beyond doubt that it was and is solvent.

that as a result of the action of the commissioner and his subordinates and the threat to take the specified action irreparable injury has resulted and will result; that a new and unimpeachable board of directors for plaintiff has been elected and "There is not, and there is no claim by defendants that there is, any hazardous conditions in the management of plaintiff company under present management; no member of the Vaughn family has any control in the management or conduct of the business of said company.

"The financial condition of said plaintiff company is exceedingly strong and its net earnings and policy holders' surplus have. and are. increasing substantially, and the defendants do not and cannot make any claim that the company is not now in a sound financial condition and solvent within the meaning of the Insurance Code. There is no claim that the public, policyholders, or creditors are or will be exposed to any detriment. . . .

"Defendants herein have never afforded to plaintiffs an opportunity to present their case before an impartial tribunal. either administrative or judicial, and have never issued any ruling or order directing plaintiffs to comply with or correct any alleged noncompliance with any provision of the Insurance Code."

The authorities are clear that a person may have declaratory relief and injunctive relief against a public officer when such officer's acts will cause him to be deprived of constitutional rights, or when the officer is acting arbitrarily and outside the scope of the powers given to him by statute when such action will cause irreparable harm to the person. In *Brock* v. *Superior Court*, 11 Cal.2d 682 [81 P.2d 931], petitioner, the State Director of Agriculture, sought prohibition to restrain the trial in an action by plaintiffs against defendant director to have him restrained from enforcing the milk control act because he had failed to follow the law establishing the milk control area. This court denied prohibition and found that the trial court had jurisdiction of the action. We stated (page 684): "In support of their demand for an injunction against the director of agriculture, the plaintiffs allege that the director of agriculture failed to comply with the provisions of the Milk Control Act in the formation of said area and in the establishment of the amended Stabilization and Marketing Plan for the sale of milk and cream within said area.

". . . The defendant in said action, the director of agri-

culture, was present both upon the application for a restraining order, and at the hearing of the order to show cause why a temporary injunction should not issue. His contention on these occasions, and his contention now, is that the Milk Control Act is presumed to be valid, and that the defendant as a public officer is presumed to have regularly performed his official duty in the organization of said area and in the establishing of said stabilization and marketing plan, and, therefore, no injunction may be issued to prevent the execution of said statute by him as such public officer without the establishment, after due hearing, of the invalidity of his acts, and that until such hearing and the final determination that his acts are illegal, the courts are without jurisdiction to issue an injunction restraining him from attempting to enforce the statute. . . .

"Petitioner relies upon section 526 of the Code of Civil Procedure and section 3423 of the Civil Code. The fourth subdivision of each of these sections provides that an injunction will not lie to prevent the execution of a public statute by an officer of the law for the public benefit. But petitioner concedes, as we understand his position, that if it be determined after a trial that the officer is acting illegally, then it is within the power of the court to restrain his acts. These code sections therefore do not answer our present inquiry.

". . . The case before the trial court in that instance was precisely like that involved in a recent case decided by this court where we held that as there were issues of fact tendered by the complaint in an injunctive proceeding, the trial court had jurisdiction to try these issues of fact, and that prohibition would not lie to restrain the trial court from issuing an injunction against an officer in an attempt to enforce a public statute, until these issues of fact were determined. (*Agricultural Prorate Com.* v. *Superior Court*, 5 Cal.2d 550 [55 P.2d 495].) In that case our decision upon this point is as follows: 'In the injunction suit before the respondent court the plaintiffs therein made the claim that the prorate district in which the applicants were purporting to act as officers was never legally formed or organized in that the petition for the formation of said district was never signed by the necessary two-thirds of the lemon producers residing in said proposed district or zone, and therefore the commission had no authority to make its order organizing said district without an election being held therein to pass upon the question of

the formation of said district. This claim on the part of said plaintiffs was set forth in paragraph XX of their complaint in which it is alleged among other things that "said petition was not signed by two-thirds or more in number of the producers of lemons in California, nor by the owners of two-thirds or more of the producing factors of lemons in California." If that allegation is true, then the district was not legally formed or organized, and if it was not so organized, an injunction against the applicants restraining them from executing the terms of said act would lie. On the hearing of the application for a temporary injunction, an affidavit was filed which purported to deny the allegations of paragraph XX of the said complaint. There is nothing, however, in the record before us to indicate that the respondent court has ever passed upon the issue tendered by the allegations of said paragraph XX. In fact, it would be rather unusual for the court to finally pass upon an issue of fact on an application for a temporary injunction This issue of fact, however, was presented by the plaintiffs in the injunction suit and the court had jurisdiction to decide it. So far it has never done so. The injunction suit is still in the respondent court, and the court has exclusive jurisdiction to hear and determine all undecided issues of facts presented by the pleadings in such suit. Should it determine that said district was legally organized and that the orders which the plaintiffs in said action seek to restrain are valid and binding upon those to whom they are directed, then it would be the duty of said court to deny the injunction and dismiss the suit. On the other hand, should the trial court find in favor of the plaintiffs in said suit upon the allegations of said paragraph XX, then it would necessarily follow that said orders would have no legal support and the defendants in said suit should be enjoined from enforcing them. For this reason the application for a writ of prohibition directed to respondents restraining them from proceeding in said action should be denied.'

"We see no reason to recede from the position taken in the decision of that case. It appears to us to be the only reasonable conclusion that can be reached in proceedings of that nature. *To hold otherwise would be to tie the hands of the court in cases in which great and irreparable injury might be done private citizens by officers acting under a mistaken belief of their authority.*"

The same holding prevailed in *Brock* v. *Superior Court,*

12 Cal.2d 605 [86 P.2d 805]; *Agricultural Prorate Com.* v. *Superior Court*, 5 Cal.2d 550 [55 P.2d 495]; and *Agricultural Prorate Com.* v. *Superior Court*, 31 Cal.App.2d 518 [88 P.2d 253]. In the latter case (at p. 523), the court said: "The second point, that the order of the respondent court violated certain code provisions, is not well taken, for if the officers were in fact acting illegally, it is, as held in the foregoing case, within the power of the court to restrain their acts. . . .

" 'To hold otherwise would be to tie the hands of the court in cases in which great and irreparable injury might be done private citizens by officers acting under a mistaken belief of their authority.' " (*Brock* v. *Superior Court, supra,* 11 Cal.2d 682.)

Similarly, in the instant case the superior court had jurisdiction to determine whether the commissioner's threatened action was illegal. There can be no doubt that the injury to plaintiff insurance company will be irreparable if it is taken over by the commissioner. Its credit and standing will be seriously impaired.

The majority opinion states that plaintiff has its relief by an attack on the seizure after it has been accomplished (Ins. Code, § 1012) and that that remedy is exclusive. There is nothing in the Insurance Code which makes it the exclusive remedy as there was in the case of *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.,* 31 Cal.2d 720 [192 P.2d 916], relied upon by the majority. It must be remembered that plaintiff's action was for declaratory, as well as injunctive, relief and, furthermore, we held in *California Physicians' Service* v. *Garrison,* 28 Cal.2d 790, 801 [172 P.2d 4, 167 A.L.R. 306], that "section 1062 of the Code of Civil Procedure expressly provides that the remedy through declaratory relief is cumulative and not restrictive of any other remedy provided by law." The court was there speaking of an action wherein plaintiff sought to have the court declare that the Insurance Code did not apply to its members' business.

I would, therefore, grant the writ of mandate prayed for herein.

Schauer, J., concurred.

Petitioners' application for a rehearing was denied November 23, 1955. Carter, J., and Schauer, J., were of the opinion that the application should be granted.