*809 MOSK, J., Concurring.
I concur.
Code of Civil Procedure section 526, subdivision (b) and Civil Code section 3423, subdivision (d) are not inapplicable under the theory that Elections Code section 14029 is a later-enacted and more specific injunctive relief provision. The provision in Elections Code section 14029 that “the court shall implement appropriate remedies . . .” is not more specific than the antiinjunction language of Code of Civil Procedure section 526, subdivision (b) and Civil Code section 3423, subdivision (d). Indeed, injunctive relief in contravention of those statutes would not be “appropriate.”
Code of Civil Procedure section 526, subdivision (b) and Civil Code section 3423, subdivision (d) preclude an injunction, “To prevent the execution of a public statute, by officers of the law, for the public benefit.” (Civ. Code § 3423, subd. (d).) It is not clear if this means the execution of the statute for the public benefit or the statute itself is for the public benefit. The statute for the certification of the election, Elections Code sections 10262, subdivision (b) and 10263, are for the public benefit. The execution of the statutes may not be for the public benefit because the election has been determined to contravene the California Voting Rights Act of 2001. (Elec. Code, §§ 14025-14032.) Wright v. Jordan (1923) 192 Cal. 704, 710 [221 P. 915] does not answer this question because in that case the election was deemed to be valid, and thus an injunction preventing certification of the election would contravene Code of Civil Procedure section 526, subdivision (b) and Civil Code sectioh 3423, subdivision (d).
It has been said that an unconstitutional statute or a statute valid upon its face but unconstitutionally applied may be enjoined. (See Brock v. Superior Court (1939) 12 Cal.2d 605, 609-610 [86 P.2d 805]; 6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, §331, p. 275.) Also, Code of Civil Procedure section 526, subdivision (b) and Civil Code section 3423, subdivision (d) “do not bar judicial action where the invalidity of the statute under which [the public official] is acting is shown.” (Financial Indem. Co. v. Superior Court (1955) 45 Cal.2d 395, 402 [289 P.2d 233].) Moreover, “If law enforcement officers attempt to enforce a criminal statute arbitrarily and in a discriminatory manner, such action may be restrained by the courts.” (Downing v. Cal. State Board of Pharmacy (1948) 85 Cal.App.2d 30, 36 [192 P.2d 39].)
Palmdale Municipal Code section 2.08.020 provides for elections of city council members on a citywide basis. That ordinance was found to be invalid as applied, based on the trial court’s finding that the application of the ordinance violated the California Voting Rights Act of 2001 (Elec. Code, § 14025 et seq.), which was enacted “to implement the guarantees of Section *810 7 of Article I and of Section 2 of Article II of the California Constitution.” (Elec. Code, § 14031.) It is arguable that enjoining the certification of an election that is tainted by the invalid application of an ordinance under the California Voting Rights Act of 2001 is the equivalent of enjoining the enforcement of an ordinance unconstitutional or invalid in its application. Although not free from doubt, I conclude that the trial court could issue a preliminary injunction based on a finding that the Palmdale ordinance violated the California Voting Rights Act of 2001.
Another issue that is difficult is whether an election in one municipality is a matter of statewide concern. Interestingly, California Constitution, article XI, section 5, subdivision (b), specifies that the “conduct of city elections” is a proper subject of a city charter. People ex rel. Seal Beach Police Officers Assn. v. City of Seal Beach (1984) 36 Cal.3d 591, 599-600 [205 Cal.Rptr. 794, 685 P.2d 1145] does, however, suggest that the subjects set forth in California Constitution, article XI, section 5, subdivision (b) are subject to the same analysis as applied to subdivision (a) in determining if state law supersedes a charter city provision.
I concur on the basis that the trial court did not abuse its discretion in issuing the preliminary injunction. (Robbins v. Superior Court (1985) 38 Cal.3d 199, 205-206 [211 Cal.Rptr. 398, 695 P.2d 695].)[1]
A petition for a rehearing was denied June 13, 2014, and appellant’s petition for review by the Supreme Court' was denied August 20, 2014, S219809.

 It does seem incongruous that the injunction perpetuates those in office who were selected by what is deemed to be an election that violated the law and prevents the'seating of a minority candidate who was elected at the last election.